[No. 9,083. Department One.—February 12, 1884.]

W. BOON SANDERS, ADMINISTRATOR OF THE ESTATE OF CATTERINA JELLETICH, DECEASED, APPELLANT, *v.* JOSEPH SIMCICH, EXECUTOR OF THE ESTATE OF NICHOLAS JELLETICH, DECEASED, ET AL., RESPONDENTS.

FINDINGS—MATERIAL ISSUES.—In a proceeding to set aside the probate of a will where only part of the material issues made by the pleadings are submitted to a jury, the court should, if requested, hear testimony and make findings as to the remaining issues.

WILL—MARRIAGE—REVOCATION.—Where an unmarried man has made a will and afterwards marries, the marriage operates in case of the survival of the wife or children of the marriage as a revocation of the will, unless some specific provision has been made by the will itself, or by a marriage contract for the surviving wife, or by some settlement or provision for the surviving children. If no such provision or contract is made, the law conclusively presumes a revocation of the will from the act of marriage.

EVIDENCE—SURVIVORSHIP.—When both husband and wife perish in the same calamity, no presumption of survivorship of the wife arises from the fact that an order of a Probate Court granting letters of administration upon her estate recites that she was "the surviving wife" of her husband. In a proceeding by her administrator to set aside the probate of her husband's will, it is error to refuse evidence *aliunde* upon the question of survivorship.

APPEAL from an order of the Superior Court of the county of Amador, refusing a new trial.

The facts are stated in the opinion of the court.

*Charles R. Gray*, and *D. B. Spagnoli*, for Appellant.

*Eagon & Armstrong, A. Caminetti, W. H. Beatty,* and *S. C. Denson,* for Respondents.

McKEE, J.—This case arises out of a proceeding brought by the administrator of the estate of Catterina Jelletich, deceased, against the executor of the estate of Nicholas Jelletich, deceased, to set aside the probate of a lost or destroyed will made by the said Nicholas in his lifetime.

At the hearing certain special issues were framed and submitted to a jury that returned a special verdict substantially as follows: (1) That the said Nicholas Jelletich made the will in controversy; (2) that it had not been revoked; (3) that it had been admitted to probate upon sufficient proof; (4) that Catterina Jelletich, the wife of the said Nicholas, survived her husband; and (5) that the husband had, in his lifetime, made provision for her by a marriage contract.

This verdict was filed and entered on the minutes of the court pursuant to section 625 of the Code of Civil Procedure.

There were other issues, however, raised by the pleadings, which had not been submitted to the jury, and upon them plaintiff's counsel asked the court to hear proofs upon which to prepare additional findings; but the request was denied, and upon the special verdict alone the court refused to revoke the probate of the will and gave judgment accordingly.

The refusal to take testimony and to make findings upon the other questions at issue was erroneous.

Besides, the judgment and order denying the motion for a new trial are erroneous, because the special verdict does not support the judgment, and the evidence does not sustain the verdict.

The first finding by the jury is immaterial; the second and third are findings of law. It is admitted that the fifth finding is not sustained by the evidence; and the record shows that the court erred in its rulings as to the only evidence upon which the fourth finding is based; and that the finding itself is not sustained by the evidence.

It appears by the record that on June 20, 1878, Nicholas Jelletich made his will. At that time he was a widower, about forty-three years of age. By the will he devised all his prop-

erty, except a sum of money, to his then only son, John Jel-letich, a boy fourteen years old.   Soon after making his will he left Amador County, where he resided, and went to Austria. There he married, and in October, 1878, returned to Amador County with his wife, Catterina Jelletich, who afterwards bore him two children.   It does not appear that at the time of the marriage, or at any time thereafter, he made any provision for his wife by a marriage contract, and the will of June, 1878, contained no mention of her name nor any provision for her or her children.   He and his wife with the two children resided in Amador County until October 20, 1881.   On that night his dwelling was burned, and he, his wife and the two children, perished in the fire.

The petitioner claims and the jury found that in that calamity the wife survived her husband.

As a surviving wife, for whom no provision had been made by her husband in his lifetime, and of whom no mention was made in his will to show that he did not intend to make any provision for her, the will made before her marriage with him was revoked by operation of law (§ 1299, Civ. Code); and the court should have instructed the jury to that effect.

It is the policy of the law that wife and children must be provided for.   Therefore the Civil Code declares that where an unmarried person has made a will, and afterwards marries, the marriage, whether followed by the birth of issue or not, operates, in case of the survival of wife, or children if any, as a revocation of the will, unless some specific provision has been made by the will itself, or by a marriage contract for the sur-viving wife, or by some settlement or provision for any surviv-ing children of the marriage.   (§§ 1298, 1299, *supra.*)   The law presumes that the subsequent marriage of a testator has wrought such a change in his condition in life as to cause him to destroy or cancel a previous will; and does not admit of evidence to the contrary unless provision has been made according to law for wife and children who have survived him.   (§§ 1298, 1299, *supra.*)

The presumption of revocation, however, depends upon the question of survivorship.   Survival of the children is not claimed; but the paramount question at issue was the survival

of the wife.   If the wife survived under the conditions referred
to, the will was revoked by law; and as to her, the husband
died intestate.   If the husband survived, his will was valid
and probatable.

To prove survivorship of the wife the petitioner gave in evi-
dence the order of the Probate Court granting him letters of
administration of the estate of Catterina Jelletich, deceased.
That order was as follows: . . . . "It is ordered that letters
of administration of the estate of the said Catterina Gelletich,
known under the name of Cattarina Jelletich, deceased, the
surviving wife of Nicholas Jelletich, deceased, be issued to the
said petitioner, W. Boon Sanders, the public administrator of
said Amador County, upon his taking the oath according to
law.

"Dated October 30, 1882."

In rebuttal the defendant offered to introduce evidence upon
the question at issue, but without requiring him to state what
his evidence was, the petitioner objected to the introduction of
any evidence upon the question, and the court sustained the
objection.   There was, therefore, no other evidence before the
jury of the survival of the wife than the order of the Probate
Court.   And the ruling of the court in excluding any other
evidence is sought to be maintained on the ground that the
recital in the order that the deceased Catterina was "the sur-
viving wife of Nicholas Jelletich, deceased," is conclusive, and
estops the defendant from denying the fact.

But the order only adjudged the right of the petitioner to
letters of administration upon the estate of Catterina Jelletich,
deceased.   That adjudication, being made by a court that had
jurisdiction of the estate, real or personal, of which the deced-
ent died seized, would be, undoubtedly, in any controversy
thereafter involving the question of administration, at least,
*prima facie* evidence of the essential facts upon which it was
made, namely, the domicile and estate, death, and intestacy of
the decedent.   But it would not be evidence that the decedent
survived any other person to whom she may have borne in her
lifetime some domestic relation; because that was not a fact
essential to the jurisdiction of the court, nor a question at issue
in the proceedings for letters of administration.   In that pro-

ceeding the question was not raised, tried, or determined. It was raised for the first time in this proceeding—a proceeding entirely different from the one in which the order was made; and the question was provable, not by an order made in a proceeding in which it was not raised, but by evidence *aliunde*. (*Garwood* v. *Garwood*, 29 Cal. 515 ; *Ferrea* v. *Chabot*, 63 Cal. 564.)

As this order was the only evidence before the jury upon which, by the rulings of the court, their verdict was founded, there was no evidence to sustain the finding. And it is against law. For "when two persons perish in the same calamity, and it is not shown who died first, and there are no particular circumstances from which it can be inferred, survivorship is presumed from the probabilities resulting from the strength, age, and sex, according to certain rules, one of which is: If both be over fifteen and under sixty, and the sexes be different, the male is presumed to have survived." (Subd. 4 of par. 40, § 1963, Code Civ. Proc.)

Order reversed and cause remanded for a new trial.

McKINSTRY, J., and Ross, J., concurred.