[L. A. No. 7493.   In Bank.—June 19, 1923.]

In the Matter of the Estate of JAMES W. RYAN, Deceased.
  THEKLA T. RYAN, Petitioner and Appellant, v.
  MARY N. RYAN et al., Petitioners and Respondents;
  NORTON B. ANDERSON et al., Devisees and Legatees
  Under the Will, Appellants.

[1] WILLS—SUBSEQUENT MARRIAGE OF TESTATOR—SECTION 1299, CIVIL
    CODE—CONSTRUCTION.—Section 1299 of the Civil Code, which pro-
    vides, "If, after making a will, the testator marries, and the wife
    survives the testator, the will is revoked, unless provision has been
    made for her by marriage contract, or unless she is provided for
    in the will, or in such way mentioned therein as to show an in-
    tention not to make such provision; and no other evidence to
    rebut the presumption of revocation must be received," is not con-
    cerned with the construction of wills, nor with the interpretation
    of ambiguous phrases; it refers solely to the revocation of a will
    by implication from the act of the testator in marrying after
    the making of the will.

[2] ID.—INTENTION—CONSTRUCTION.—Where there is no ambiguity in
    the phrasing of a will, the court may not consider the surrounding
    circumstances to determine what the testator's intention was, but
    must find it in the express language he has used.

[3] ID.—OMISSION OF HEIR FROM WILL—INTENTION—EVIDENCE.—Evi-
    dence of extrinsic matters may not be admitted to indicate the
    intention of a testator in omitting an heir from his will under
    section 1307 of the Civil Code.

[4] ID. — CONTEST AGAINST PROBATE — INTENTION OF TESTATOR — AB-
    SENCE OF AMBIGUITY IN WILL—EXTRINSIC EVIDENCE INADMISSIBLE.
    In a contest against the probate of a will on the ground that the
    will is revoked under section 1299 of the Civil Code, it is improper
    to go outside the language of the will itself to ascertain whether
    or not it was executed by the testator with his approaching
    marriage in mind and with reference to it, where there is no
    doubtful or uncertain language in the will and the entire intention
    of the testator as to the disposition of his property is plainly ex-
    pressed.

[5] ID.—NOMINATION OF EXECUTRIX—INSUFFICIENCY OF PROVISION—
    REVOCATION.—The nomination by a testator in his will of a person,
    to whom he was engaged and subsequently married, as executrix

    1.  Effect on will of marriage of testator without resulting issue,
note, Ann. Cas. 1917A, 203.

of his will, with the assurance she would receive the fees provided by law, cannot be regarded as a testamentary provision preventing the revocation of said will under section 1299 of the Civil Code, for the theory upon which an executrix is allowed fees is that she has earned them; nor does the mere naming of such person as executrix indicate that the testator intended not to make a testamentary provision for her.

[6] ID.—RIGHT TO CONTEST—HEIRS.—The sisters of a decedent are entitled to contest the probate of his will on the ground that it is revoked by section 1299 of the Civil Code, where they show themselves to be heirs at law of the decedent.

[7] ID.—EXTENT OF REVOCATION.—A will revoked by section 1299 of the Civil Code because of the subsequent marriage of the testator is revoked not only as to the wife but as a whole.

APPEAL from a judgment of the Superior Court of Los Angeles County denying probate of a will. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. McLaughlin, James H. Hull and R. D. McLaughlin for Appellants.

W. M. Hindman for Respondents.

LAWLOR, J.—This appeal is taken from a judgment denying a petition for the probate of the will of James W. Ryan, deceased, by Thekla Ryan, the petitioner, and Norton B. Anderson and Presley M. Norton, devisees under the will. Decedent's purported will reads as follows:

"City of Los Angeles, County of Los Angeles, State of California. November 14, 1921.

"This is my last will hereby revoking any instrument made prior to this date. I leave to Mable Williams the sum of $250.00. To Medora Williams the sum of $250.00. To Ellen T. Ryan one thousand dollars. To Maude Larkin fifteen hundred dollars.

"The rest of my estate both real and personal to be divided in equal parts. One half going to Norton B. Anderson or his heirs—and the other one half to go to Presley M. Norton or his heirs.

"It is my wish that my body be cremated.

"I appoint Thekla T. Mohr executrix of my estate without bond and Robert D. McLaughlin attorney.

"It is my wish that estate be wound up as early as possible.

"JAMES W. RYAN."

On February 17, 1922, decedent was married to Thekla T. Mohr, named in the will as executrix, and on the twenty-third day of the same month he died. The petition for probate was filed on March 8th following. Respondents Mary N. Ryan and Maude Ryan, two surviving sisters of decedent, neither of whom was mentioned in the will, appeared and contested the probate on the ground that the will was revoked by the decedent under section 1299 of the Civil Code, which is as follows: "If, after making a will, the testator marries, and the wife survives the testator, the will is revoked, unless provision has been made for her by marriage contract, or unless she is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation must be received." The trial court, over objection by respondents, and subject to subsequent ruling, permitted appellant, Thekla Ryan, to testify that she had known the decedent about ten years; that they were engaged to be married for about seven years; that they were engaged at the time decedent drew the will; that pursuant to the engagement she married him, and that at the time of making the will decedent knew of her state of health, her financial condition, and her habit of life. In its findings of fact, the court indicated its opinion that no other evidence than the will itself should be received to interpret it; that extrinsic evidence should not have been received and that respondents' objection should have been sustained. It was further found that no provision was made for appellant Thekla Ryan by marriage contract; that she was not provided for in the will in question and was not mentioned therein in such a way as to show an intention not to make such provision. As a conclusion of law it was found that the will was revoked and not entitled to be admitted to probate.

Appellants contend that section 1299 is to be read in connection with section 1318 of the Civil Code, which provides in effect that a will is to be interpreted according to the

intention of the testator, taking into view the circumstances under which it was made. It is insisted that extrinsic evidence may therefore be received to show what the testator's intention was in mentioning appellant Thekla Ryan and in appointing her executrix of the will. It is also claimed that the mention of her as such executrix is a sufficient indication from the will itself to show an intention not to revoke the will, inasmuch as, under section 1298 of the Civil Code, the mention of an heir need not be to give him a legacy to show an intention to exclude him, and that if possible the will must be interpreted in a manner which will not lead to intestacy. Lastly, appellants contend that decedent's sisters, respondents herein, are not proper persons to contest the will and that at most the will is revoked as to the wife only.

[1] In considering the first of these arguments, it must be borne in mind that section 1299 is not concerned with the construction of wills, nor with the interpretation of ambiguous phrases. It refers solely to the revocation of a will by implication from the act of the testator in marrying after the making of the will. [2] It is well settled that where there is no ambiguity in the phrasing of a will, the court may not consider the surrounding circumstances to determine what the testator's intention was, but must find it in the express language he has used. (*Estate of Willson,* 171 Cal. 449 [153 Pac. 927]; *Estate of Young,* 123 Cal. 337, 341 [55 Pac. 1011].) In the case at bar there is no doubtful or uncertain language in the will; the entire intention of the testator as to the disposition of his property is plainly expressed. Therefore the general rules relating to the construction of ambiguities by reference to extrinsic matters are not applicable. Section 1299 expressly declares that in determining whether or not a will has been revoked in the manner there provided no other evidence than a marriage contract (*Corker* v. *Corker,* 87 Cal. 643 [25 Pac. 922]), and the will itself shall be considered. The court in *Sanders* v. *Simcich,* 65 Cal. 50 [2 Pac. 741], declared that "It is the policy of the law that wife and children must be provided for. Therefore the Civil Code declares that where an unmarried person has made a will, and afterward marries, the marriage, whether followed by the birth of issue or not, operates, in case of the survival of wife, or children if any, as a revocation of the will, unless some specific pro-

vision has *been made by the will itself,* or by a marriage contract for the surviving wife, or by some settlement or provision for any surviving children of the marriage. (Secs. 1298, 1299, *supra.*) The law presumes that the subsequent marriage of a testator has wrought such a change in his condition in life as to cause him to destroy or cancel a previous will, *and does not admit of evidence to the contrary unless provision has been made according to law for wife and children who have survived him.* (Secs. 1298, 1299, *supra.*)" (Italics ours.) (See, also, *Wood* v. *Corbin,* 296 Ill. 129 [129 N. E. 553].) **[3]** It is further settled that evidence of extrinsic matters may not be admitted to indicate the intention of a testator in omitting an heir from his will under section 1307 of the Civil Code. (*Estate of Stevens,* 83 Cal. 322 [17 Am. St. Rep. 252, 23 Pac. 379].)

**[4]** In view of these considerations we are of opinion it would have been improper to go outside the language of the will itself to ascertain whether or not it was executed by the testator with his approaching marriage in mind and with reference to it. There was therefore no error in the ruling of the court to that effect.

**[5]** The question is then presented whether the mention of appellant Thekla Ryan as executrix was a provision for her, or sufficiently showed an intention on the part of decedent not to make a testamentary provision and consequently prevent a revocation of the will. Nothing appears from the will itself which tends to show that decedent contemplated matrimony at the time it was drawn, or that he named appellant Thekla Ryan his executrix with that contingency in view. Her nomination as executrix, with the assurance she would receive the fees provided by law, cannot be regarded as a testamentary provision, for the theory upon which an executor is allowed fees is that he has earned them. Considering its nature and purpose, the statute cannot be regarded as a sufficient provision to prevent the revocation of the will.

Nor would the mere naming of appellant Thekla Ryan as executrix indicate that decedent did not intend to make some gratuitous provision for her upon his death. There would be nothing inconsistent in her acting as executrix and also being a legatee; in fact, it would be most natural in the case of husband and wife. He might have

been led to name her his executrix because of his confidence in her ability and integrity, but other considerations would probably influence him in making testamentary provision for her as his wife. We cannot say it appears from this clause of the will that decedent intended not to provide for her even though she should become his wife. This view is not at variance with *Estate of Kurtz,* 190 Cal. 146 [210 Pac. 959], for there the will expressly indicated a disposition to provide in a certain contingency for whoever should be the testator's heirs *at the time of his death.*

[6] With reference to appellants' last points, it is sufficient to entitle respondents to contest the will that they showed themselves to be heirs at law of decedent. (*Estate of Land,* 166 Cal. 538 [137 Pac. 246].) The court found them to be such. [7] As to the contention that the will is revoked as to the wife only, we cannot read into the statute a provision not included therein and hold the will shall be valid except as to her and that she shall be allowed to take her portion as an heir. The statute plainly says the will is revoked and the revocation is not qualified. The act of partial revocation is well recognized and the legislature could have provided that the will should be impliedly revoked as to the wife only had it seen fit to do so.

The judgment is affirmed.

Lennon, J., Waste, J., Seawell, J., Wilbur, C. J., and Kerrigan, J., concurred.