[Civ. No. 9142. First Appellate District, Division Two.—August 21, 1933.]

In the Matter of the Estate of ELIE DERRUAU, Deceased. MAURICE DERRUAU, Appellant, v. AUGUSTE OLIVIE, Executor, etc., Respondent.

H. U. Brandenstein and James J. Cronin, Jr., for Appellant.

Ross & Ross for Respondent.

SPENCE, J.—This is an appeal by Maurice Derruau, one of the heirs of Elie Derruau, deceased, from the decree of final distribution herein.

In 1929, Elie Derruau made his will and thereafter in 1930 married Marie Couralet, who survived him upon his death in 1932. Prior to 1931 and at the time of the testator's marriage, section 1299 of the Civil Code provided: "If, after making a will, the testator marries, and the wife survives the testator, the will is revoked, unless . . . " In 1931 said section was repealed. At that time a new section designated as section 70 of the Probate Code was adopted and was in force at the time of the testator's death. The new section provided: "If a person marries after making a will, and the spouse survives the maker, the will is revoked *as to the spouse, unless* . . . " (Italics ours.) It will be seen at a glance that the original section provided for a total revocation while the new section provided for a partial revocation, viz., a revocation only as to the surviving spouse. The testator's will herein was admitted to probate and by the decree of final distribution the estate was distributed thereunder except that said will was treated as revoked as to the surviving wife.

Relying on the provisions of the original section (sec. 1299, Civ. Code) in force at the time of the testator's marriage, appellant contends that the revocation was total, but in our opinion this contention cannot be sustained. Appellant cites and relies upon *Estate of Berger*, 198 Cal. 103 [243 Pac. 862, 864], but that decision is not in point. There the court was dealing with an antenuptial will of a woman. After making her will the testatrix married twice and her second husband predeceased her. Section 1300 of

the Civil Code in force at the time of her marriages provided: "A will, executed by a woman, is revoked by her subsequent marriage, and is not revived by the death of her husband." That section as amended in 1919 and in force at the time of the testatrix's death in 1924 read: "If, after making a will, the testatrix marries, and the husband survives the testatrix, the will is revoked, unless . . . " It was there held that the will was not entitled to probate as the marriage of the testatrix had produced "absolute and complete revocation" under the statute in force at the time and that the will was not "revived by a subsequently enacted statute changing the manner of revocation".

The situation here is quite different. The section in force at the time of the testator's marriage (sec. 1299, Civ. Code) did not provide that revocation of the testator's will was produced by marriage alone, but such revocation was also dependent upon the survival of his wife. In other words, there could be no revocation under the terms of said section until the testator's death. As there was no revocation of the testator's will solely by reason of his marriage while said section was in force and as that section had been repealed prior to his death, it cannot be relied upon as effecting total revocation of the testator's will as claimed by appellant. The distinction between the facts in *Estate of Berger, supra,* and those in the present case is suggested on page 111 of the opinion therein. Appellant criticises the language there used by the court as it indicates that the new section (sec. 70, Probate Code) should be given what appellant terms a retroactive or retrospective effect. We cannot agree with appellant's views, but we are not called upon here to discuss the question of whether the trial court properly applied the section in force at the time of the testator's death which section was enacted after the testator's marriage. We have already expressed the view that the will was not revoked by the repealed section. ■ The only question remaining would be whether the trial court should have distributed the entire estate under the terms of the will or whether it properly treated the will as partially revoked by virtue of the terms of the new section. In neither case would appellant share in the estate as he was neither a devisee nor legatee under the will. There being no total revocation which would entitle appellant to participate, he

could not complain, even assuming the trial court erred in treating the will as partially revoked under the terms of the new section. A determination of that question could affect only the rights of parties who have not appealed from the decree of final distribution.

Respondent makes the contention that appellant should have raised his point on an appeal from the order admitting the will to probate and cannot raise it upon an appeal from the decree of final distribution, but in view of the conclusion we have reached it is unnecessary to discuss this question.

The decree is affirmed.

Nourse, P. J., and Dooling, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1933.