1 Cal.App.2d 631 (1934)
In the Matter of the Estate of BECKIE ROZEN-GOLDENBERG, Deceased. CALIFORNIA TRUST COMPANY (a Corporation), as Executor, etc., et al., Appellants,
v.
HARRY GOLDENBERG, Respondent.
Civ. No. 9965. 
California Court of Appeals. Second Appellate District, Division Two. 
October 29, 1934.
 Paul C. Hill and John Henderson Pelletier for Appellants.
 Desser & Bokofsky, Arthur A. Desser and P. M. Bokofsky for Respondent. *632
 Scott, J., pro tem.
 Deceased made a will August 12, 1930, declaring that on that date she was a widow, that she had one daughter, appellant here, and three grandchildren, bequeathing her property to the daughter or to the grandchildren in case of the daughter's predecease. The will stated that the maker, except as in the will provided, with full knowledge omitted to provide for her heirs living at the time of her demise and that anyone contesting the will should receive but one dollar.
 In November, 1932, deceased for the first time met respondent herein and they were married on April 25, 1933. She died on December 29, 1933, leaving an estate consisting of her separate property.
 [1] When the will above described was offered for probate, respondent as surviving husband filed objections based on Probate Code, section 70: "If a person marries, after making a will, and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received."
 The trial court gave judgment revoking the will as to the husband's right and claim to succession as surviving spouse of decedent. The judgment is obviously correct. Construing the Civil Code, section 1299, the substance of which was reenacted as section 70 of the Probate Code, the court said in Sanders v. Simcich, 65 Cal. 50, at page 52 [2 P. 741]: "The law presumes that the subsequent marriage of a testator has wrought such a change in his condition of life as to cause him to destroy or cancel a previous will." "It is beyond dispute that, both at common law and under statutory enactments adopting the common law rule that a will made by a woman shall be revoked by her marriage." (Estate of Berger, 198 Cal. 103 [243 P. 862].) In Estate of Ryan, 191 Cal. 307 [216 P. 366], the court held that it was improper to go outside the language of the will itself to ascertain whether or not it was executed by the testator with his approaching marriage in mind and with reference to it, having quoted *633 from Sanders v. Simcich, supra, parenthetically suggests "see, also, Wood v. Corbin, 296 Ill. 129 [129 N.E. 553]." The case referred to was one in which the Supreme Court of Illinois reversed the judgment of the trial court admitting to probate a will executed prior to the marriage of testator to the contestant, and remanded the case with directions to enter an order denying probate of the will, saying: "The statute has declared that a marriage shall be deemed a revocation of a will, and it must have that effect except in the case of a will which provides on its face for a future marriage and makes provision for the wife, conditioned upon such marriage taking place."
 [2] It would appear that the intention to make no provision for the future surviving spouse would have to be set out with greater certainty and explicitness than in the instant case if the revocation provided by section 70 of the Probate Code is to be averted, where, as here, there is no marriage contract and no provision for such survivor in the will.
 This case is to be distinguished from Estate of Kurtz, 190 Cal. 146 [210 P. 959]. In that case deceased married the day after he made his will. The court sustained the will but held that the ruling of the trial court excluding evidence to the effect that testator was engaged to marry contestant at the time he executed the will, was error, and that it should have been admitted "for the purpose of showing who the maker of the will intended to include, by the phrase 'any person whomsoever, who, if I died intestate, would be entitled to any part of my estate', a phrase which, if he had not been then engaged to marry the contestant, would be somewhat ambiguous, but which would be made certain by showing the fact of such engagement." (Italics ours.)
 The cited case is not authority in the instant case for the reason that a person, unknown to testatrix at the time of the execution of the will and subsequently married to her, could not have been included among those whom testatrix intended to refer to in her will.
 Judgment affirmed.
 Stephens, P. J., and Desmond, J., concurred.