[Civ. No. 12958. Second Appellate District, Division One.— March 3, 1941.]

In the Matter of the Estate of NORMAN RUSSELL, Deceased. GEORGE M. SEARS, Appellant, v. LILLIAN S. RUSSELL, Respondent.

Philip Storer Thacher, Lester J. Penry, Wright & Millikan and Herschel B. Green for Appellant.

Frank G. Falloon for Respondent.

DESMOND, J., *pro tem.*—In the case before us, the probate court made an order admitting the will of the deceased to probate, but revoking it as to his surviving spouse, respondent herein.

Section 70 of the Probate Code reads as follows: "If a person marries after making a will, and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received."

The record indicates that decedent's will was executed on May 1, 1934; that he married Mrs. Russell on October 7, 1937; that he died on January 5, 1940. The will was offered for probate by appellant, George M. Sears, who asked that letters testamentary be issued to him, as executor named in the will. The court, however, at the time the will was admitted made its further order denying appellant's petition for letters and ordering letters of administration with the will annexed to issue to Leslie B. Hanson, the widow's nominee.

From this further order the named executor appeals, contending that no objection was made to his appointment, and that therefore he should have received letters testamentary under section 407 of the Probate Code, which provides, "If no objection is made, the court when admitting a will to probate must direct the issuance of letters thereon to the persons named therein as executors who are competent to discharge the trust, unless they or either of them have renounced their right."

Prior to 1931 the effect of marriage upon a will previously executed by a man was governed by section 1299 of the Civil Code, which provided for the revocation of a

will in its entirety if a testator married after execution of the will without making some provision for the woman he married, either by will, by contract, or by mentioning in the will his intention not to make provision for her. Section 1300 of the Civil Code made the same provision for total revocation in the case of a woman marrying after the execution of her will. Section 70 of the Probate Code, enacted when sections 1299 and 1300 of the Civil Code were repealed, includes husband and wife in the one section, and provides that "the will is revoked as to the spouse." There is nothing in this language, of course, to indicate that the balance of the will is ineffective, and as a matter of fact, in the instant case the will has been admitted to probate, subject to the widow's share, as we have seen, but the nomination by the deceased of his executor has not been given effect. It does not appear that objections were filed to the appointment of appellant, but respondent in her brief presents her reasons why, nevertheless, the action of the probate court in deciding in her favor between the two conflicting claims for letters should not be disturbed. Appellant's contention that section 407 of the Probate Code makes it mandatory upon the court to appoint the executor named in the will, respondent answers by saying: "Section 422 is just as mandatory in its terms. It provides that 'Administration of the estate of a person dying intestate MUST be granted to one or more of the following persons, in the following order . . . (1) The surviving spouse, or some competent person, whom he or she may request to have appointed'." She then argues that the revocation is total as to the wife, and that the paragraph of the will naming the executor cannot in any particular "detract from the surviving wife's legal rights—in this case, the right to have her nominee administer the estate which she has inherited."

For this argument respondent relies upon *Estate of Haselbud*, 26 Cal. App. (2d) 375 [79 Pac. (2d) 443], a case decided in 1938, in which a revocation in behalf of the widow was declared. The court in its opinion was considering the question as to how estate charges were to be borne as between the widow on the one hand, and the beneficiaries under the will on the other, and in its discussion of this question used the following language: (p. 379) "In so far as it affects Mrs. Haselbud's property rights the decedent's will is, by the express provision of section 70 of the Probate Code, no

will at all, but is as to her revoked and eliminated from the situation.''

In that case there was no claim by the widow that the right to administer was a property right; and the executor named in the will acted as such. To us the quoted excerpt from the opinion merely means that the surviving wife shall be entitled to her share of her deceased husband's estate as fully and completely as though he had died intestate. The quotation is appropriate as to property rights of the widow in the instant case, but we are still confronted with a situation where factually this is only a partial revocation, the will has been admitted to probate and except for the widow's share is otherwise valid as to its dispositions. Is the naming of an executor in such a case to be given effect? Apparently this appeal propounds that question for the first time in the courts of California. In considering it we have examined statutes, decisions and declared policies in regard to wills both within and without the State of California.

New York has a statute, section 35, Decedent Estate Law, similar to section 70 of our Probate Code, providing for partial revocation in favor of a surviving spouse, and any issue of the marriage, as well. Prior to the enactment of section 35 in 1919 a will was revoked *in toto* by a subsequent marriage. Mr. Surrogate Foley, in commenting on the new section, says, ''Previously the revocation of the will was complete. Thereafter it became partial only to permit the surviving spouse to participate. The terms of the will stand except as modified by the withdrawal of the intestate share.'' (*In re Bent's Estate,* 142 Misc. 811 [255 N. Y. Supp. 538, 543] (1932).)

In 1930 the same Surrogate had said '' . . . under the provisions of section 35 of the Decedent Estate Law (since the amendment of 1919) where a marriage of a testator takes place after the execution of a will, unless provision is made in the will for the widow, she is entitled to her intestate share, but the remaining terms of the will, including the appointment of the executors, otherwise remain effective. . . . The courts have always respected the right which a testator enjoys to determine who is most suitable to settle his testamentary affairs, and his solemn selection should not lightly be disregarded. After the admission of a will to probate the courts will not name a better executor for the testator nor disqualify, by a judicial veto, the widow or friend or

other person named in the will, except upon strict proof of the statutory grounds of incompetency." (*In re Erlanger's Estate*, 136 Misc. 793 [242 N. Y. Supp. 249, at pp. 252 and 254]. See, also, *Schultz* v. *Schultz*, 10 Gratt. (Va.) 358 [60 Am. Dec. 335, 344].)

The reasoning under this New York statute seems sound and applicable to cases falling within section 70 of our Probate Code. Section 72 of the same code reads as follows: "A prior will is not revoked by a subsequent will, unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the prior will. In other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will; *but the mere naming of an executor in the prior will need not be given effect by the court when the subsequent will is otherwise wholly inconsistent with the terms of the prior will, the intention of the testator in this respect being left to the determination of the court.*" (Emphasis added.) This is a reenactment of section 1296 of the Civil Code (repealed in 1931), with the italicized language added by the legislature. A mere reading of this section governing a partial revocation, as it does, and applying it so far as that may be done to the facts of the instant case, would indicate, in our opinion, that naming of this executor should be given effect, for in this case the result after the partial revocation in behalf of the widow is not wholly inconsistent with the terms of the will as drawn. The clear implication is that in such a case the nominee of the testator should be appointed.

Section 443 of the Probate Code, relating to issuance of letters of administration, provides: "Before letters are granted the fact of death and that the decedent died intestate . . . must be proved. . . . " Letters of administration with the will annexed, however, are issued, as the title of the office indicates, only when decedent died testate. Originally, in this case, respondent applied for letters of administration, but in her petition mentioned the will which has now been probated. In his contest of that petition appellant called attention to the fact that it did not state that decedent died intestate. Later respondent filed her opposition to the probate of the will, praying that it be denied admission to probate, and still later nominated Mr. Hanson as administrator and special administrator. The court, however, did not appoint him to either office, but named

him as administrator with the will annexed. Under these circumstances, we cannot accept the view that decedent died intestate, notwithstanding respondent's reliance upon the quotation from the Haselbud case, and since no valid objection to appellant's appointment as executor was filed, it is our opinion that letters testamentary should have been issued to him. Such action would accord with the broad and general policy of the law which gives effect to the desires of a testator and sees that his intentions are carried out so far as they may be ascertained. ██ In regard to the naming of an executor, a testator's desire will be respected, even though not expressed with directness, but reasonably deducible from the language of the will. (*Estate of Henderson,* 196 Cal. 623, 639 [238 Pac. 938]; and also sec. 402, Prob. Code.)

Under the reasoning of the authorities cited, we believe those portions of the order and decree appealed from should be reversed, and the cause remanded to the lower court for appropriate action in accordance with the views herein expressed. So ordered.

York, P. J., and Doran, J., concurred.