[Civ. No. 12307.   First Dist., Div. One.   Feb. 19, 1943.]

Estate of MONA M. SKINNER PIATT, Deceased.   J. H. PIATT, Appellant, v. L. J. NORTON, as Executor, etc., Respondent.

Boynton & Boynton, Chas. C. Boynton and Perry Evans for Appellant.

King & King for Respondent.

WARD, J.—Appeal from an order admitting a will to probate and granting letters testamentary to respondent L. J. Norton, as executor of the will of Mona M. Skinner Piatt. Appellant and petitioner, J. H. Piatt, husband of the decedent, had filed objections to the granting of letters testamentary to Norton and had petitioned that letters of administration with the will annexed be granted to him.

The question involved is clear cut, and, so far as this record is concerned, purely one of law.   It may be stated as follows: "In a case where a party makes a will and later marries and dies leaving a surviving spouse unprovided for is such will revoked by section 70 of the Probate Code insofar as it affects the rights of the surviving spouse to administer on the estate of the decedent?"

Mona M. Skinner, a single woman, executed a will in 1928 in which she named respondent Norton as executor.   In 1930

she married appellant, and the couple lived as husband and wife until the latter's death in 1942. The will is silent as to appellant, the surviving spouse. Accordingly he is entitled to share in his deceased wife's estate. (Prob. Code, sec. 70.)

Appellant's contention is that he is not only entitled to take the share of the estate to which he would be entitled had his wife died intestate, but that, since the will is by operation of law revoked as to him, he is, as a matter of priority, entitled to letters of administration with the will annexed (Prob. Code, secs. 409, 422); in others words, that he is entitled to administer the estate, with the consequent right to fees as such administrator.

Prior to the enactment of the Probate Code in 1931, the Civil Code, sections 1299 and 1300, provided for the complete revocation of the will of a spouse made before marriage where no provision by way of marriage contract had been made for the benefit of the surviving spouse, and he or she had not been provided for by such will or intentionally omitted therefrom. (*Estate of Derruau,* 133 Cal.App. 769 [24 P.2d 865].) Probate Code section 70, based upon the above Civil Code sections, provides: "If a person marries after making a will, and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received." The words "as to the spouse" were added upon the adoption of the Probate Code. It should be noted that section 70 does not merely say that the will "is revoked" as in the Civil Code, but that "the will is revoked as to the spouse." The proper construction to be placed upon the quoted words is that the surviving spouse shall receive that part of the estate to which he or she would be entitled had the other died intestate. (*Estate of Derruau, supra; Estate of Rozen-Goldenberg,* 1 Cal.App.2d 631 [37 P.2d 132].)

Appellant relies upon *Estate of Haselbud,* 26 Cal.App.2d 375 [79 P.2d 443]. In that case the issue was whether the share to which the surviving wife was entitled was first liable for the debts of the decedent to the exoneration of the shares of beneficiaries named in the will. (Prob. Code, sec. 750.) The language of the court may be interpreted to mean that

there was a revocation of the will only insofar as the surviving spouse's right to share in the deceased spouse's property was concerned, and not that there was a revocation for all purposes. The court there said (p. 379): "We think it much more natural to assume a continuity of policy, so far as the surviving spouse is concerned, and to construe the limitation on the provision for a revocation of a will by a subsequent marriage, made by the words 'as to the spouse,' not as intended to effect any such abridgment of what under the former statutes would have been the rights of such spouse, but rather *as intended merely to preserve the dispositions of the testator in favor of the beneficiaries under the will in so far as consistent with such rights of the surviving spouse. In so far as it affects Mrs. Haselbud's property rights the decedent's will is, by the express provision of section 70 of the Probate Code, no will at all, but is as to her revoked and eliminated from the situation."* (Italics added.)

In *Estate of Russell*, 43 Cal.App.2d 319 [110 P.2d 718], a case identical factually with the present, except that no valid objections to the appointment of the executor were filed by the surviving spouse, the court, in referring to the Haselbud case said (pp. 322, 324): "In that case there was no claim by the widow that the right to administer was a property right; and the executor named in the will acted as such. To us the quoted excerpt from the opinion [Haselbud] merely means that the surviving wife shall be entitled to her share of her deceased husband's estate as fully and completely as though he had died intestate. The quotation is appropriate as to property rights of the widow in the instant case, but we are still confronted with a situation where factually this is only a partial revocation, the will has been admitted to probate and except for the widow's share is otherwise valid as to its dispositions." . . . "In regard to the naming of an executor, a testator's desire will be respected, even though not expressed with directness, but reasonably deducible from the language of the will. (*Estate of Henderson*, 196 Cal. 623, 639 [238 P. 938].)"

It is our conclusion that by the use of the words "as to the spouse" found in section 70 of the Probate Code the Legislature, among other things, intended to change the pre-existing law as to the right of a spouse not named in the will to be appointed administrator. (*Estate of Russell, supra.*)

The order appealed from is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied March 20, 1943, and appellant's petition for a hearing by the Supreme Court was denied April 19, 1943. Carter, J., voted for a hearing.