[Civ. No. 18317. Second Dist., Div. Two. May 14, 1951.]

Estate of BIRDELLA MAY HUDSON RIDDEL, Deceased. VERONA MAY D'OYLEY, Respondent, v. WALTER RIDDEL, Appellant.

Hahn, Ross, Goldstone & Saunders for Appellant.

Sherman, Thompson & McCarthy for Respondent.

MOORE, P. J.—The executrix of the estate having filed her petition for ratable distribution and for allowance on account of statutory commissions and fees the surviving husband filed his objections thereto, pursuant to section 70 of the Probate Code.[1] The demurrer to the husband's objections having been sustained without leave to amend and the court having made its order for ratable distribution and for allowance on account of commissions and fees the husband appealed from the order for distribution and purportedly appealed from the order sustaining the demurrer to his objections.

Decedent made a will prior to her marriage but did not mention her prospective husband. She was thereafter wedded to appellant. In a codicil later signed by her no provision for either including or excluding a bequest in appellant's favor was to be found. In such situation appellant asserts the will was revoked, citing *Estate of Piatt,* 57 Cal.App.2d 211 [134 P.2d 321]; *Estate of Rozen-Goldenberg,* 1 Cal.App.2d 631 [37 P.2d 132]; Cal. Probate Code, section 70. Appellant admits the *Estate of Seiler,* 176 Cal. 771 [170 P. 1138, 179 P. 389], and *Estate of Cutting,* 172 Cal. 191 [155 P. 1002, Ann.Cas. 1917D 1171], held that a codicil executed after marriage republishes a will made prior to the marriage, but contends that such holding is purely dictum.

To uphold such contention would be error. Where a

---

[1]Section 70: "If a person marries after making a will, and the spouse survives the maker, the will is revoked as to the spouse, unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received."

will or a codicil is republished after the marriage of a testator and it refers to the first will, then by section 25[2] of the Probate Code the effect of such subsequent will or codicil is a republishing of the will as modified by the codicil and the two instruments constitute one will and they speak from the date of the codicil. (*Estate of Seiler, supra,* 772; *Estate of Cutting,* 172 Cal. 191, 197 [155 P. 1002, Ann.Cas. 1917D 1171].)

The analogy of the charitable bequest to the decedent's codicil does not support the argument of appellant, nor does the decision of *Estate of McCauley,* 138 Cal. 432 [71 P. 512]. There the court held that to apply section 25 of the Probate Code to effect a revocation of a charitable bequest in a will by a republication of the latter as of the date of the codicil would leave a large part of the estate undisposed of and defeat the object of the testatrix. ■ To effect the defeat of a testator's purpose as disclosed by his will should be avoided if it can be done by a reasonable construction of the codicil. ■ Section 25, *supra,* supplies authority for upholding the antenuptial will which was referred to in the codicil, as the latter provides that *all other things,* besides the gift to Miss Towers, will be left to the daughter "as is written in my will." By such language of the codicil, which is still the last will of decedent, appellant is wholly barred from sharing in his decedent's estate.

Both the judgment and order are affirmed. The appeal from the order sustaining the demurrer is dismissed.

McComb, J., and Wilson, J., concurred.

---

[2]Section 25: "The execution of a codicil referring to a previous will has the effect to republish the will as modified by the codicil."