[Civ. No. 32372.   Second Dist., Div. One.   Nov. 1, 1968.]

Estate of MARGUERITE L. DAWKINS, Deceased, NORMAN H. MOORE, Petitioner and Respondent, v. ANDERSON M. DAWKINS, as Administrator With the Will Annexed, etc., Contestant and Appellant.

George L. Vaughn, Jr., for Contestant and Appellant.

David L. Sefman for Petitioner and Respondent.

FOURT, J.—Anderson M. Dawkins, administrator-with-will-annexed of the estate of Marguerite L. Dawkins (also known as Marguerite L. Carr, Marguerite L. Carrere, or Marguerite L. Clark) appeals from the order of the probate court admitting to probate the will of which he was subsequently appointed administrator.[1]

On January 6, 1967, Dawkins filed, as surviving spouse, a petition for letters of administration in relation to Marguerite's estate. On January 16, 1967, Norman H. Moore, the brother of the decedent, filed Marguerite's holographic will for probate, petitioned for letters of administration-with-will-annexed, and filed his objection to the appointment of Dawkins. Thereafter Dawkins petitioned for probate of the same will and for letters of administration-with-will-annexed. He

---

[1]Dawkins on June 5, 1967, filed his notice of appeal from the minute order of the probate court dated April 6, 1967, in which was noted the court's determination that the will contest filed by Dawkins should be denied and dismissed and that the contested will should be admitted to probate. The court's formal order was not entered until June 14, 1968. Appellant in his notice of appeal has improperly specified the order of April 6, 1968, as the order appealed from; he does not mention the court's final order. We have exercised our discretion pursuant to rule 2(c), California Rules of Court, to consider the document on file a premature notice of appeal from the formal order of June 14, 1967.

subsequently filed a petition to contest the probate of the subject will and made formal objection to the appointment of Moore as administrator.

█ The probate court on April 6, 1967, held a hearing on the petition to admit the will to probate and the will contest. The only will submitted to the court by either party at that time was the holographic instrument executed by the testatrix on November 19, 1953. The testatrix later married Anderson Dawkins. The court determined that the will filed for probate was a valid instrument which the testatrix had never expressly revoked and admitted the will to probate. On April 20, 1967, the court determined, over Moore's objections, that Dawkins was entitled to letters of administration, and on June 14, 1967, the court entered its formal orders admitting the will to probate and appointing Dawkins administrator-with-will-annexed.

Appellant contends that Probate Code, section 70, has the effect of revoking, as to the surviving spouse, a will executed prior to the testatrix' marriage. This contention, which constitutes the ground set forth in Dawkins' petition, as amended, contesting the admission of the will to probate, is without merit.

Probate Code, section 70 provides, in pertinent part, that ''If a person marries after making a will, and the spouse survives the maker, the will is revoked as to the spouse, . . .'' with certain exceptions not herein applicable. This provision was intended to preserve the dispositions of the testator in favor of beneficiaries under the will insofar as consistent with the rights of the surviving spouse, who is entitled to receive his statutory share of the estate. (*Estate of Haselbud,* 26 Cal.App.2d 375 [79 P.2d 443].) A marriage by the testator or testatrix subsequent to the execution of a will has the effect of revoking the will only as to the surviving spouse. (*Estate of Bendell,* 59 Cal.App.2d 165, 167 [138 P.2d 378] ; *Estate of Derruau,* 133 Cal.App. 769 [24 P.2d 865].)

The will was properly admitted to probate. The contention which respondent, who filed no notice of appeal, attempts to make, that appellant was improperly appointed administrator, cannot be considered.

The order of the probate court is affirmed.

Wood, P. J., and Lillie, J., concurred.