[No. 18242.   Department Two.—March 14, 1894.]

In the Matter of the Estate of RICHARD HICKMAN, Deceased.   GEORGE F. BRONNER, Public Administrator, Appellant, v. VICTOR JAHANT, Executor, etc., Respondent.

101   609
118   430
101   609
120   347
101   609
122   163
101   609
e148 236

Estates of Deceased Persons—Contest of Will—Rights of Public Administrator.—The public administrator, as such, has no standing in court to contest the proof of a will, and is not interested in the estate within the purview of sections 1305 to 1312 of the Code of Civil Procedure.

Id.—Validity of Will—Death of Beneficiary.—A will is not invalidated by the death of the beneficiary.

Id.—Mere Nomination of Executor—Probate of Will—Right to Letters.—The mere nomination of an executor, without making any disposition of one's estate, or giving any other directions whatever, will
CI. Cal.—39

constitute a will and render it necessary that the instrument be estab-
lished in the probate court; and the executor named in the will is
entitled to letters testamentary as against the public administrator, re-
gardless of any devise of the property or of the death of the sole bene-
ficiary named in the will.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*Armstrong, Bruner, and Platnauer,* for Appellant.

As there are no known heirs the public administrator has an interest in the estate, and may prosecute any proceeding to determine the intestacy of the deceased and obtain possession of the estate. (Pol. Code, sec. 41; Code Civ. Proc., secs. 1726, 1728, 1731–33, 1737; *People* v. *Roach,* 76 Cal. 298.) As the sole legatee and devisee died in the lifetime of the testator the legacy and devise failed or lapsed. (Civ. Code, sec. 1310, 1343; *Estate of Pfuelb,* 48 Cal. 643; *Esty* v. *Clark,* 101 Mass. 36; 3 Am. Rep. 320; 2 Woerner on Administration, 935, sec. 434; 2 Redfield on Wills, 157; 2 Williams on Executors, 1084.) As the sole legatee and devisee died in the lifetime of the testator, the legacy and devise being void, Richard Hickman died without making any testamentary disposition of his property; and therefore the document never became operative as a will; it can never have the effect of disposing of any property of Richard Hickman, deceased. (Jarman on Wills, Am. notes, 1; *Estate of Wood,* 36 Cal. 80; 1 Redfield on Wills, sec. 2; Schouler on Wills, secs. 1, 2; 10 Bacon's Abridgment, 479.) As the decedent did not dispose of his property by will, he died intestate. (Civ. Code, secs. 1383, 1384; 10 Bacon's Abridgment, 480; Toller on Executors, 80; 2 Blackstone's Commentaries, 494; 11 Am. & Eng. Ency. of Law, 565; Bouvier's Law Dictionary.) At common law the title vested in the executor at the death of the testator and his power was derived from the will. (1 Woerner on Administration, p. 382, sec. 171, p. 383, sec. 172.) Such was the title of the executor at com-

mon law that he was entitled to the residue of the estate. (Toller on Executors, 351; 1 Woerner on Administration, p. 403, sec. 182; 2 Woerner on Administration, p. 746, sec. 352, p. 1017, sec. 462.)

But as no title vests in the executor under our law, by virtue of his office as executor, the naming of a person as executor is not a disposition of property by "last will," and consequently the decedent died intestate.

*C. H. Oatman*, for Respondent.

The public administrator is a person interested within the meaning of section 1307 of the Code of Civil Procedure, so as to entitle him to contest the will, and aggrieved within the meaning of section 938 of the Code of Civil Procedure, so as to entitle him to appeal from an adverse decision. (*Estate of Sanborn*, 98 Cal. 103; *Estate of Parsons*, 65 Cal. 240; *Roach* v. *Coffey*, 73 Cal. 281; Code Civ. Proc., sec. 938; *Bates* v. *Ryberg*, 40 Cal. 463; *Merrifield* v. *Longmire*, 66 Cal. 180; *Estate of Wright*, 49 Cal. 550.) The mere nomination of an executor without making any devise or bequest is sufficient to constitute a will. (3 Redfield on Wills, 2d ed., 67, *58–60; 1 Williams on Executors, 6th Am. ed., 227, 390, 204; 4 Bacon's Abridgment, 34, tit. Executors and Administrators, head C; Schouler on Wills, sec. 1; Schouler on Executors, sec. 31; *Jolliffe* v. *Fanning*, 10 Rich. 194; *Prater* v. *Whittle*, 16 S. C. 40.)

SEARLS, C.—This is an appeal from a judgment of the superior court of Sacramento county, in probate, denying the petition of the appellant, as public administrator, for letters of administration, and granting the petition of Victor Jahant for the probate of the last will, and granting letters testamentary to him, the said Victor Jahant, as executor of the last will of Richard Hickman, deceased.

Richard Hickman died on or about May 5, 1893, at the county of Sacramento, leaving what purported to be a last will, by which he devised and bequeathed all of

his estate, real and personal, to his wife, Elizabeth Hickman, subject to the payment of his debts, and appointed Victor Jahant as the executor of such will, to serve without bonds.

Jahant, the executor named, filed a petition for the probate of the will, showing, among other things, estate, real and personal, in the county of Sacramento; that Elizabeth Hickman, the wife, had died; that there were no heirs in Sacramento county; that the next of kin, who are heirs, and their residence was unknown, etc.

Appellant, who is the public administrator of the county of Sacramento, filed a contest of the probate of the will, setting out, among other things, and as evidence of his right to make such contest: 1. That he was a public administrator; 2. That the sole legatee and devisee under the will, who was the wife of testator and not a relative, had died during the lifetime of the testator, whereby the devise and legacy lapsed, and the will became null and void.

He also filed a petition praying to be appointed administrator of the estate. A demurrer was interposed to his contest, which was sustained by the court.

The two applications were heard together, and, upon due proof of the execution of the will, it was admitted to probate, Victor Jahant appointed executor under the will, and the application of appellant, as public administrator, to be appointed administrator was denied.

The demurrer was properly sustained. Appellant, as public administrator, had no standing in court to contest the proof of the will. He was not interested in the sense of having an interest in the estate within the purview of sections 1307–12 of the Code of Civil Procedure.

*In re Sanborn's Estate*, 98 Cal. 103, McFarland, J., said: " If a public administrator could legally assume the character of a standing contestant of wills, notwithstanding the wishes of heirs and devisees, he would certainly enlarge the sphere of his activities; but the limitations of the statute do not allow such inflation."

Sections 1726 to 1743 of the Code of Civil Procedure are not intended to define the cases in which the public administrator is entitled to letters of administration, but to provide for the preservation of the estates of deceased persons until a proper administrator is appointed, as will appear by section 1730, which requires him to deliver the estate over to any person to whom letters testamentary or of administration may be regularly appointed.

The will in question was not invalidated by the death of the beneficiary.

" The mere nomination of an executor, without making any disposition of one's estate or giving any other directions whatever will constitute a will, and render it necessary that the instrument be established in the probate court." (2 Redfield on Wills, 59; Williams on Executors, 7th ed., 267, 390; Schouler on Wills, sec. 297.)

The fact that a testator nominates an executor, but, without giving a legacy or devising any part of his property, makes it none the less a will.

It may often occur that, subject to the payment of his just debts, a testator is quite willing that his property shall be succeeded to as provided by law, while the selection of the minister through whom the settlement is to be made and the distribution is to be had is not only a matter of deep interest to him, but of vital interest to the estate; and as the law accords to him the privilege of making the selection of his executor, it must be upheld when duly made.

The fact that the sole beneficiary under the will had departed this life prior to the death of the testator, if a fact, was not one to be determined as a preliminary question affecting the probate of the will.

The fact that the document purported to appoint an executor, and provided for the payment of debts, was sufficient to stamp it as a will, and justify its probate as such. (*Jolliffe* v. *Fanning*, 10 Rich. 186.)

Again, if the will was valid when made, it could only be revoked or altered by a subsequent writing duly ex-

ecuted, or by obliterating or destroying with intent to revoke. (Civ. Code, sec. 1292; *In re Tillman Estate*, 31 Pac. Rep. 563.)

The court did not err in denying letters of administration to appellant, or in granting letters testamentary to respondent.

The judgment appealed from should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.