In the Matter of the Estate of Frank C. Stewart,
Deceased, Hemsted and Everson, Appellants, v.
John L. Ferry, *et al.*

**Will Contest:** STANDING OF EXECUTOR BEFORE PROBATE. Executors named in a will, but who are not heirs, or otherwise interested in the will, cannot, under Code, section 3459, authorizing actions by trustees of an express trust for the benefit of the *cestui que* trust or otherwise, contest probate of the codicil revoking their appointment and appointing others.

*Appeal from Pottawattamie District Court.*—Hon. N. W. Macy, Judge.

SATURDAY, DECEMBER 17, 1898.

ONE Frank C. Stewart died, leaving an instrument purporting to be his last will. It consisted of an original document and one codicil. In the original will the appellants, Hemsted and Everson, were named as executors; in the codicil this appointment of executors was revoked, and one S. C. Campbell was named to fill the place. After testator's death, Campbell, who had the custody of the will, offered it for probate, and the twenty-fifth day of November, 1896, was fixed for the hearing. On the twenty-fourth day of that month, appellants appeared and filed a petition asking for the probate of the original will, and also objecting to the probate of the codicil, on the ground of want of mental capacity in the testator at the time of its execution. Appellants are strangers to the estate; that is, they are neither heirs of the deceased, nor are they interested under the will, except that they are named as executors. The court entered an order probating both will and codicil, and from this order, in relation to the codicil, Hemsted and Everson appeal.—*Affirmed.*

*Benjamin & Preston* for appellants.

*Frank Shinn* for appellees.

Waterman, J.—But a single question is presented by the record, and that is as to the standing appellants have to urge any objection to the order of probate. We have no statute defining the qualifications of those who may contest the probate of a will, but we understand the general rule to be that such action can be taken only by one who would have a beneficial interest in the estate, if there was no such will. This rule has received our express recognition heretofore in *Kostelecky v. Scherhart,* 99 Iowa, 120. See, also, *In re Langevin's Will,* 45 Minn. 429 (47 N. W. Rep. 1133) ; *Reid v Vanderheyden,* 5 Cow. 719; *Meyer v. Fogg,* 7 Fla. 292. The fact that an executor is to receive compensation out of the estate cannot be said to give him an interest therein, for he gets this only in return for services rendered. He is expected to give full value therefor. It is claimed, however, by appellants, that an executor has, by virtue of his office, a property interest in the personal estate. Any such interest is a mere naked trust upon which no such right as that here claimed can be predicated. An executor, as such, unlike a trustee, whose office is created by the will, is clothed with no discretion. His duties and authority, fixed by law, make him but a channel through which the property passes to those entitled by the terms of the instrument. It has been held that an executor, even when he is given a legacy, cannot be said to be interested in the estate, since he is expected to render services for what he receives. *Reeve v. Crosby,* 3 Redf. Sur. 74. The supreme court of California has decided that the public administrator provided for under the law of that state has no such interest as will entitle him to contest a will. *In re Hickman's Estate,* 101 Cal. 609 (36 Pac. Rep. 118) ; *In re Sanborn's Estate,* 98 Cal. 103 (32 Pac. Rep. 865). Yet, if the will had been set aside, upon such administrator would have

devolved the trust duty of distributing the estate. While an executor derives his authority from the will, and not from the court, and though there are some acts which he may perform before probate of the instrument, yet there are many others which he cannot legally do until letters have issued. See cases cited in 8 Enc. Pl. & Prac. 654. The probate of the will furnishes the evidence of his authority. Until that is had, it is not known whether he is qualified to act. It would be most unjust to give him the right before he is confirmed, to involve the estate in litigation at the expense of the devisees and legatees, and against their wishes, as is the case here. Nor do we think there is any foundation for the contention that the appellants have any right to maintain this proceeding as trustees of an express trust, under section 3459 of the Code. This is not an action by trustees for the benefit of the *cestuis que trust,* but is rather in the nature of a proceeding against the creator of the trust to test his right to revoke it.

II.   Another ground set up by appellants is that it being their duty, as custodians of the will, to offer it for probate, the right attaches to take all necessary steps to secure a proper order of court. The record shows that they were not the custodians of the will, and that they did not offer it for probate, but that they intervened in proceedings begun by others. But, if the facts were as claimed, it would be their duty to offer the whole will for probate, and not a part only. The codicil makes no further substantial change in the disposition of the estate than to reduce the cost of a monument for testator. No one, aside from these appellants, objects to its probate. Notwithstanding counsel's claim that appellants are acting here through disinterested motives, and from a high sense of duty alone, we must say that, outside of this assertion, we find nothing in the record that tends to so show.

III.   One of the legatees under the will joined appellants in asking that the original will be admitted to probate, but she did not unite in contesting probate of the codicil, nor does she appeal. Nothing can be claimed by appellants, therefore, from the part she took.

IV.   Having no standing in court, appellants cannot be heard to object to any action of the trial court; and we need not notice the further questions raised, other than to say that the motion to tax the costs of the amended abstract to appellees will be overruled.—AFFIRMED.