MEDINA CO. NAT. BK., et. v. FOREMAN, Admx. et.

Ohio Appeals, 9th Dist., Medina Co.

No. 80. Decided Nov. 10, 1927.

First Publication of this Opinion.

Syllabus by the Court.

362a. DECEDENT'S ESTATES.—1271. Wills.—787. Mortgages.—1. A. made a will giving all of his property to his wife; ten years later the wife died, and two years thereafter A. died without revoking said will; HELD, that A. died "intestate" within the meaning of 8577 GC.

2. A. inherited real estate from his wife under 8574 GC. and mortgaged the same and died intestate, seized of same, leaving personal estate sufficient to pay all his debts, including said mortgage; HELD, that said mortgage should be paid from the personal estate.

Appeal from Common Pleas.

Findings approved.

Frank Heath and John A. Weber, Medina, for Medina Co. Nat. Bk. Co.

Beatty & Albietz, Columbus, and A. D. Davis, for Foreman, et.

Frank Spellman, Medina, for Baughman.

F. W. Woods, Medina, for F. L. Harding.

Edward Blythin, Cleveland, for Wm. Jacque.

STATEMENT OF FACTS.

Dorothy M. Wall, wife of William J. Wall, died April 3, 1923, intestate and possessed of certain real estate. She left neither issue nor descendents of issue surviving her, but she was survived by her husband and the defendant Dora Baughman, her sister and only other heir at law.

On April 10, 1923, said Wall executed and delivered a mortgage upon said premises, and, in May, 1925, he executed and delivered a second mortgage.

In February, 1926, said Wm. J. Wall died, without issue and leaving no widow, and without having paid said mortgage indebtedness, but leaving personal property sufficient to pay all of his debts, including the debts secured by said real estate mortgage.

Jessie Foreman, one of the defendants, is the only sister and heir at law of said Wm. J. Wall.

Long before the death of his wife, said Wm. J. Wall duly executed a will, in which he devised all of his property to his wife. After his death, said will was admitted to probate. His sister, the defendant Jessie Foreman, was appointed administratrix.

The administratrix made application in the Probate Court for an order to sell real estate to pay said mortgage debts, and that application was refused because there was ample personal property to pay said debts. Then this suit was begun by one of the mortgagors, to foreclose his mortgage and all of the interested persons became parties. The issue was tried in the lower court as to whether said mortgage debt should be paid from the personal estate or from the real estate.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

WASHBURN, PJ.

The first question to be determined is, did William J. Wall "die intestate," within the meaning of that term as used in 8577 GC?

Although Mr. Wall died leaving a will, his sole beneficiary having died before he did, said will was not operative to vest any of his property in anyone. It is settled that, although leaving a will, a person may die intestate as to a part of his property, and we think that "intestate," as used in 8577 GC., means without a will which disposes of the particular property in question; and although Wm. J. Wall left a will giving his property to a beneficiary who was then deceased, he died intestate as to all of his property.

The next question is, should the administratrix of the will of said Wm. J. Wall be ordered to pay the debts secured by said mortgages out of his personal estate which is ample for that purpose, and thus exonerate said real estate from the payment of said mortgage debts? The question is important because, after the payment of debts, all of the personal estate of Mr. Wall goes to his sister Jessie Foreman, and his real estate descends one half to Jessie Foreman and one half to Dora Baughman, his wife's sister.

When said Wm. J. Wall inherited said real estate from his wife under 8574 GC., he became the owner thereof * * * and 8577 GC. operated and controlled the descent only because he did not dipose of said real estate either during his life or by will. * * * We do not think that the mortgaging of the real estate should be considered as a sale or conveyance of an interest in real estate represented by the amount of the mortgage. He did not change the legal title to the real estate nor convert any part of the real estate into personalty. The debt remained his personal debt, the same as his other debts, and we think the usual rule should apply that where lands of a decedent descend subject to a mortgage created by the decedent, his personal estate is primarily liable for the discharge of the debt secured by said mortgage, and the heirs are entitled to have the property exonerated from the lien of the mortgage debt by application of the personal estate to its payment.

Said well established principle of law answers the second question submitted to us for determination by the issues in this case. The Common Pleas Court was therefore right in finding and ordering that the real estate described in plaintiff's petition should be exon-

erated from payment of the debts secured by said mortgages, and that the same should be paid by the defendant Jessie Foreman, administratrix, from the personal property belonging to the estate of Wm. J. Wall, and a like entry may be made in this court.

(Funk, J., and Pardee, J., concur.)