Day, J.
 

 Two questions are presented by this record: (1) Did William J. Wall die intestate? (2) Shall the personal property in the estate of William J. Wall be subject to pay the debts secured by mortgages on the real estate before selling the real estate to pay such claims ?
 

 
 *22
 
 As to the first proposition, William J. Wall made his will on January 9, 1914, several years prior to the death of himself or wife. Dorothy M. Wall, his wife, died April 23, 1923. He succeeded to all her property, including the real estate in question by virtue of Section 8574, General Code. He died in February, 1926. At the time of his death, when the will took effect; the sole beneficiary under the will had previously died. Such will therefore did not become effective so as to invest title to his property in such deceased beneficiary, the record disclosing that she left no living issue or heirs of issue.
 

 It is a general rule that if a legatee or devisee dies before the testator, the legacy or devise lapses. 28 Ruling Case Law, 336; 40 Cyc., 1941; 2 Page on Wills (2d Ed.), 2068, Section 1242. From the sequence of dates above set forth, William J. Wall must have known the result of the lapsing of this,legacy, as he made no effort to change his will after his 'wife’s death, and there is nothing in the will to disclose that the testator intended to prevent a lapse. There is no residuary clause in the will; nor does the will show a devise or legacy to a child or relative of the testator, who, dying before or after the making of the will, leaving issue surviving the testator, as provided in Section 10581, General Code, might have prevented a lapse. William J. Wall died intestate vas to the property that he inherited from his wife. We therefore find that the real estate in question passes, under Section 8577, General Code, one-half to .the sister of the deceased wife of William J. Wall, and one-half to his own sister, Jessie Foreman.
 

 The second question is whether or not the notes secured by the mortgages on the real estate should
 
 *23
 
 be paid out of the personal estate of William J. Wall, the same being sufficient to^pay all his debts.
 

 We are of opinion that the personal estate of a deceased person is primarily liable for his personal debts, whether they be secured or not. The law contemplates that the debts of the deceased shall .be paid by his executor or his administrator out of the personal estate, and as soon as he “ascertains that the personal estate in his hands will not pay all the debts of the deceased, * * * he must apply to the probate court or court of common pleas for authority to sell the decedent’s real estate.” Section 10774, General- Code. In the case of
 
 Andrews, Assignee,
 
 v.
 
 Johns,
 
 59 Ohio St., 65, 51 N. E., 880, in the opinion by Spear, J., at page 76 (51 N. E., 883), it is said:
 

 “It is further contended that in the case of an assignee the sale of real estate is peremptory, while with an administrator it is optional. We know of no such distinction. The statute, Section 6136 [Revised Statutes], does not seem to countenance it, and no decision is cited in its support. We do not believe any can be found. The administrator has no occasion to resort to the real estate unless he ascertains that the personal estate will be insufficient to pay the debts, but if he does ascertain that fact his duty to proceed to sell appears to be just as imperative as in the case of an assignee. ’ ’
 

 Entil it is ascertained that the personal estate of the deceased is insufficient to pay his debts, the real estate belonging to the deceased may not be sold.
 
 Wood, Admr.,
 
 v.
 
 Butter,
 
 23 Ohio St., 520.
 

 A decision upon the foregoing two points is determinative of the issues in this case, and the find
 
 *24
 
 ing and judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.