71 Cal.App.2d 127 (1945)
Estate of L. PHILIPPI, Deceased. FRED A. WILSON, Appellant,
v.
MARY TOMALINO, as Administratrix With the Will Annexed, etc., Respondent.
Civ. No. 3405. 
California Court of Appeals. Fourth Dist. 
Oct. 2, 1945.
 Fred A. Wilson, in pro per., for Appellant.
 Lane & Casey for Respondent.
 MARKS, J.
 This is an appeal from an order admitting the will of L. Philippi, deceased, to probate and appointing Mary Tomalino administratrix of the estate with the will annexed. *129
 L. Philippi, a resident of San Bernardino County, died on August 8, 1943, leaving an estate of the value of upwards of $45,000.
 Philippi seemed to be a maker of wills, the evidence indicating that he executed four or five between January 1, 1943, and the time of his death. Only two of these wills have been produced. He executed one or two early in the year, another on April 23, 1943, which has been offered for probate, still another a few days prior to August 5, 1943, which counsel for certain parties state was in existence at the time of his death but which may have been lost thereafter. It has not been produced. The last will dated August 5, 1943, was admitted to probate in this proceeding. The order admitting it to probate and appointing an administratrix with the will annexed is under attack in this appeal.
 Deceased left surviving him his two children, Domenico Philippi, his son, and Margarita Philippi, his daughter, as his sole heirs at law.
 On September 2, 1943, the will dated April 23, 1943, was filed for probate by Fred A. Wilson, an attorney at law who had prepared it and who had been the attorney for deceased for about two years. He was named an executor without bond, and sole devisee of the estate with the stipulation that he "may devote the same or such portion thereof to worthy persons, institutions and causes, or distribute the same or any portion thereof to such persons, institutions and causes in such proportions and in such manner as in his judgment exclusively shall insure that my estate will not be dissipated, but on the contrary will be used for worthy purposes." This will expressly revoked all former wills and disinherited the two children of the testator. A contest was filed to the probate of this will by the children of deceased. We will hereafter refer to it as the April will.
 On September 11, 1943, Mary Tomalino filed the will of August 5, 1943, with her petition for its probate and her appointment as administratrix with the will annexed. Fred A. Wilson and Domenico Philippi filed separate contests. The contest and objections to the probate of the will by Domenico Philippi were subsequently withdrawn in open court. We will hereafter refer to the will dated August 5, 1943, as the August will.
 Counsel state in their brief and in the oral argument that *130 the two children filed objections to the probate of the August will which were withdrawn during the trial and that they thereafter joined in the request for its probate and nominated Mary Tomalino as administratrix. We find in the record no contest of this will filed by the daughter nor any such nomination of Mary Tomalino as administratrix nor any request for the admission of the August will to probate by either of the children.
 The August will is in words and figures as follows:
 "Aug--5, 1943"
 "This is my last will: I am having Mary Tomalino a dear friend write this for me as my hand is shakey. I want to leave to Mary Tomalino all my personal and property."
 L. Philippi.
 Witness: Bartolomeo Filippi
 Witness: Charlotte Enid Howell, R. N.""
 Bartolomeo Filippi was a long time friend of deceased and the father of Mary Tomalino. Charlotte Enid Howell was a nurse who attended deceased for several months during his last illness. It is probable that she was named as sole beneficiary in the will which we have referred to as having been lost after the death of L. Philippi. The record contains no other information as to this will.
 No question is raised as to the mental capacity of deceased nor to the due execution of the August will. The evidence is ample to sustain the findings of the trial court to the effect that Philippi was of sound and disposing mind on August 5, 1943, and that the will of that date was executed in strict accordance with all legal formalities. It seems clear that the August will was the last testamentary act of the deceased.
 [1a] The petitions to probate the two wills and the contests were set for trial at the same time. The trial judge heard the petition to probate the August will and the contest of it but did not hear the petition and contest of the April will except incidentally in connection with the probate of the August will. He merely found in effect that the admission to probate of the August will rendered all questions concerning the April will moot and that therefore "it is unnecessary for this court to make any Finding thereon." As was said in Estate of Thompson, 185 Cal. 763, at page 777 [198 P. 795], "The proper course under our practice was to try the matter of the validity of the two wills at the same time." *131 [2] However, we are informed that the petition to probate the April will, and the contest, were actually tried while the matter before us was on appeal; that by a verdict of a jury probate of the April will was denied; that proponent's motion for new trial was granted; that an appeal was taken from that order but that the record on appeal has not yet been prepared. That appeal being in a probate matter it must be taken to the Supreme Court.
 [3] It has long been the policy in this state that where the jurisdiction of an appeal lies in the Supreme Court a District Court of Appeal should refrain from taking jurisdiction over any phase of the case by a writ even though the Constitution vests original jurisdiction to issue writs in both courts. (Collins v. Superior Court, 147 Cal. 264 [81 P. 509]; Estate of Turner, 39 Cal.App. 56 [177 P. 854]; Gunder v. Superior Court, 100 Cal.App. 334 [279 P. 822]; Foster v. Superior Court, 4 Cal.App.2d 466 [41 P.2d 187].) The reasons for this policy apply with equal force to the situation in which we find this case and so far as practicable we will refrain from comment on the questions presented by the April will, the petition for its admission to probate and the contest of it.
 [4] By this elimination of consideration of the April will we have but one question before us, namely: Is the instrument of August 5, 1943, a will that is entitled to be admitted as such to probate, its due execution being admitted? In this connection an important consideration is that it was admitted by all parties and found by the trial court that deceased left surviving him as heirs at law, two children who were not mentioned or provided for in the instrument. That they were pretermitted heirs seems evident from the record now before us. (Prob. Code, 90, 91.) Thus while the August will is complete on its face and leaves all of decedent's property to Mary Tomalino, it seems probable that on final distribution the estate may pass to the children. However, as held in Estate of Martin, 31 Cal.App.2d 501 [88 P.2d 234], our only duty at this time is to determine if the August will is in fact the last will of deceased, and not to attempt to interpret it.
 [5a] From the foregoing premise appellant argues that as the August will does not dispose of any of the property of the deceased, it, in effect, is no will at all as there is nothing in it to be given effect. In support of this argument he relies *132 on the language used in 26 Cal.Jur. 921; 68 C.J. 607; In re Strelow's Estate, 117 Neb. 168 [220 N.W. 251]; and Medina County Nat. Bank v. Foreman, 27 Ohio App. 400 [161 N.E. 366], and the same case reported in 119 Ohio St. 17 [162 N.E. 42].
 The cited text of California Jurisprudence contains the statement that as far as the pretermitted heir is concerned, "the will is regarded as not existing." When construed exactly this may be considered as a correct statement of the law as it is well established that the pretermitted child takes by virtue of the statutes without regard to the will. Clearly the language does not mean that because there is a pretermitted heir the whole world may regard the will as nonexisting.
 The language of the text of Corpus Juris is broad and if construed liberally might sustain the contention of appellant, but an examination of the cases cited in the footnotes shows the intent of the author in making the statement that "an instrument which disposes of no property is not valid as a will. ..." The cases cited deal with instruments that do not attempt to make testamentary disposition of any property. To illustrate, the case of Estate of Meade, 118 Cal. 428 [50 P. 541, 62 Am.St.Rep. 244], is cited. The instrument there offered for probate was a letter written by the deceased to an undertaker, principally directing that her body be cremated. It was denied probate because the letter was not intended to be a will and was not testamentary in character.
 In the case of In re Strelow's Estate, supra, the statements relied upon by appellant dealt with a will leaving the estate of deceased to his brother who predeceased the testator. The Nebraska court said that because of this fact "the 1909 will was bereft of its every intended usefulness, and by its own terms had finished its purpose, had lapsed, and was without force or effect." However, it is important to note that this holding was based on the court's construction of a Nebraska statute and also does not seem to us necessary to the decision. The testator died in 1926, leaving a last will executed in 1925 which was offered for probate by the named executors. The remarks were made concerning a prior will executed in 1909 which seems to have been superseded by the later will.
 The case of Medina County National Bank v. Foreman, reported in 27 Ohio App. 400 [161 N.E. 366], was decided by the Court of Appeals of Ohio. The opinion contains language *133 bearing out the contention of appellant. However, when the case reached the Supreme Court of Ohio (119 Ohio St. 17 [162 N.E. 42]) that court held that where the devisee, leaving no lineal descendants, predeceased the testator, the bequest lapsed. It did not hold the will void but merely that the bequest had lapsed which is in accordance with the California rule. (Prob. Code, 92; Estate of Meade, supra.) As was said in Estate of Hickman, 101 Cal. 609 [36 P. 118]: "The fact that the sole beneficiary under the will had departed this life prior to the death of the testator, if a fact, was not one to be determined as a preliminary question affecting the probate of the will."
 Appellant argues that the pretermitted children of deceased will take the entire estate by reason of the statute; that such estates vested in them immediately upon the death of their father, leaving nothing upon which the will can operate; that, therefore, the purported will is a complete nullity and should not be admitted to probate.
 [6] That the property of a deceased father vests in his pretermitted children upon his death, there being no other lineal heirs, is not an exact statement of the law. The estate vests, subject to his debts, expenses of last illness, funeral expenses and expenses of administration. Administration of an estate is necessary in order to determine the property remaining to be distributed to the heirs. In Estate of Grazzini, 31 Cal.App.2d 168 [87 P.2d 713], the deceased died testate leaving two adopted children who were entitled to succeed to the entire estate as pretermitted heirs to the exclusion of the devisees named in the will. The will, although effectively disposing of no property and apparently appointing no executor, was admitted to probate and it was held that the oldest adopted daughter was entitled to letters of administration with the will annexed.
 [5b] It is true that pretermitted children do not take under the will but under the statute. [7] It is also true that such children cannot contest the probate of such a will as they take adversely to it. (Estate of Sankey, 199 Cal. 391 [249 P. 517]; Estate of Grazzini, supra.) The pretermitted child may assert his right to the proper portion of his ancestor's estate at the time of the hearing of a petition for its distribution (Estate of Price, 56 Cal.App.2d 335 [132 P.2d 485]), or by proceedings in equity (Estate of Klepsch, 36 *134 Cal.App.2d 483 [97 P.2d 987]), but may not contest the probate of the will.
 [8] That a will must make a testamentary disposition of property in order to entitle it to probate is not a correct statement of the law as it is not necessary that it dispose of any of the property of the deceased. "The fact that a testator nominates an executor, but, without giving a legacy or devising any part of his property, makes it none the less a will." (Estate of Hickman, supra.) In the same case it was held that if the sole beneficiary had predeceased the testator a question was presented which "was not one to be determined as a preliminary question affecting the probate of the will."
 In Estate of Button, 209 Cal. 325 [287 P. 964], it was said:
 "In order for a document to be the last will and testatement of a deceased person it must, in addition to meeting all other legal requirements, clearly show that the decedent intended it to take effect only after his death, and it must satisfactorily appear therefrom that the decedent intended by the very paper itself to make a disposition of his property in favor of the party claiming thereunder. (Estate of Meade, 118 Cal. 428 [62 Am.St.Rep. 244, 50 P. 541]; Major's Estate, 89 Cal.App. 238 [264 P. 542]; Estate of Beffa, 54 Cal.App. 186, 188 [201 P. 616]; Estate of Spitzer, supra, [196 Cal. 301 (237 P. 739)].) The latter two of the foregoing cases express the rule as follows: 'It is undoubtedly the general rule enunciated by the leading case of Habergham v. Vincent, 2 Ves.Jr. (Eng.) 231, and oft repeated, that the true test of the character of an instrument is not the testator's realization that it is a will but his intention to create a revocable disposition of his property to accrue and take effect only upon his death and passing no present interest.'" (See, also, Estate of Miller, 128 Cal.App. 176 [17 P.2d 181].)
 In speaking of the duty of a court when hearing an appeal from an order admitting a will to probate, it was said in Estate of Martin, supra: "The will contains dispositive clauses and also appoints executors, but it is not our duty at this time to interpret the will and we are not attempting to do so. It is our duty only to determine of what the will consists."
 [9] When measured by these rules we are of the opinion that the August will was properly admitted to probate. Certainly it cannot be disputed that the testator attempted and *135 intended to create a revocable disposition of his property to take effect upon his death without passing any present interest in the property of his estate. The effect to be given the will is a matter for future determination.
 [1b] It might be suggested that the trial court committed error in not hearing the petitions to probate the two wills and the two contests at the same time. As we have already indicated this is according to the usual practice. [10] However, as the petition to probate the April will was separately heard, and as the proceedings in that matter are pending and the questions presented will be finally decided at some future date, we can find no sufficient prejudice in the adopted procedure to require a reversal of the order now before us. If it be determined that the August will did not revoke the April will and that both of the wills should be admitted to probate, appropriate orders can be made at the proper time.
 Appellant argues that as the August will contained no revocatory clause, did not appoint an executor, and will not ultimately dispose of all or any of the property of the deceased, it is not inconsistent with the April will and did not revoke it. (Estate of Iburg, 196 Cal. 333 [238 P. 74].) From this he argues that the April will is entitled to probate, citing Estate of Marx, 174 Cal. 762 [164 P. 640, L.R.A. 1917F, 234], and Estate of Kaufman, 25 Cal.2d 854 [155 P.2d 831]. In each of those cases prior and subsequent wills were both admitted to probate as the last testament of the deceased.
 This argument presents questions not involved here and which would be properly before a court hearing the petition to probate and the contest to the probate of the April will. The revocation or lack of revocation of that will can have no direct bearing on the admission to probate of the August will. As questions concerning the probate of the April will are not before us we should express no opinion concerning them.
 The order now before us is affirmed.
 Barnard, P. J., and Griffin, J., concurred.