[Civ. No. 3433.   Fourth Dist.   Sept. 16, 1946.]

Estate of LORENZO PHILLIPI, Deceased.   DOMENICO PHILLIPI et al., Appellants, v. FRED A. WILSON, Respondent.

Francis J. Gabel and M. C. Schrager for Appellants.

Fred A. Wilson, in pro. per., for Respondent.

MARKS, J.—This is an appeal from an order granting a motion for new trial on the ground that the special verdict of the jury and the judgment were not supported by the evidence, and were contrary to the evidence, and on the additional ground of errors of law occurring during the trial. The only question argued in the briefs is the sufficiency of the evidence to sustain the verdict and judgment so we will confine ourselves to its consideration.

Lorenzo Phillipi died about August 8, 1943. For a number of years prior thereto, Fred A. Wilson, an attorney at law, had been his attorney and had performed various professional services for him, including the preparation of the will in question here.

On April 23, 1943, Phillipi executed the will in question in which he named Mr. Wilson as executor without bond and bequeathed all of his estate "unto Fred A. Wilson, who may devote the same or such portion thereof to worthy persons, institutions and causes, or distribute the same or any portion thereof to such persons, institutions and causes in such proportions and in such manner as in his judgment exclusively shall insure that my estate will not be dissipated, but on the contrary will be used for worthy purposes."

The will disinherited the two children of the testator.

Mr. Wilson filed this will with a petition asking its admission to probate and his appointment as executor. The two children filed their contests and a jury returned a special verdict finding that the will had been executed under undue influence exercised by Mr. Wilson. Judgment was entered on the verdict denying probate. The trial judge granted Mr.

Wilson's motion for new trial and this appeal followed. Other facts in connection with the case may be found in *Estate of Philippi,* 71 Cal.App.2d 127 [161 P.2d 1006].

That Mr. Wilson was the attorney of the testator and that a confidential relationship existed between them is not questioned. Where such a situation exists the rebuttable presumption of fraud or undue influence arises where the attorney profits from his dealings with his client. That presumption can only be overcome by clear and satisfactory evidence that the transaction between the attorney and his client was fair and equitable and that the attorney had taken no advantage of the relationship and that the client was fully informed as to all matters relative to the transaction. (*Estate of Witt,* 198 Cal. 407 [245 P. 197].)

Mr. Wilson was the only witness who testified in detail concerning the circumstances and conferences leading up to the preparation and execution of the will. We find the following in his testimony:

"Mrs. Wilson drove me by his place, and I went in and I said, 'Mr. Phillipi what is the trouble? 'Well,' he said, 'I have had a very bad night, I had to sit up all night, could not sleep, could not get my breath, and the will must be changed right away.' I said, 'Well I haven't in mind anybody to give it to. Do you know whom you want to give it to? He said 'No, I will have to give it to you and then you give it to somebody you think where it would be some good and would not waste it.' I said 'Mr. Phillipi, that is asking considerable of me. That isn't in my line of work. I just practice law. Isn't there some friend or relative you can think of who would undertake this job for you? He said 'No,' and said he was anxious to get the will prepared right away and said he wanted me to undertake the work for him, and I did. I said 'Well, if that is the way you want it, I will do it.' So I went out to the car and Mrs. Wilson and I went down to the office and I drafted this will and went back to his place where I read the will over to him in the presence of Mrs. Wilson and Miss Smith (the secretary of Mr. Wilson). When we arrived that morning, the three of us, he asked if Amelia (the housekeeper) was around, and I looked out the window and I said, 'No, she is out there in the chicken corral.' I read it over to him and explained what I had in mind in writing it and asked him if that was the way he wanted it, and he said, 'Yes, it was,' and the will was then executed." Mr. Wilson also testified that he did not

claim for himself, personally, any interest in the estate property.

The foregoing was not contradicted by any testimony but contestants argue that it is not that clear and convincing evidence of fair dealing necessary to overcome the presumption of undue influence.

In cases of this kind, as in all others where conflicts in the evidence exist, those conflicts are addressed to the trial court. Here we have the presumption on the one hand supporting the verdict and judgment, and the testimony of Mr. Wilson in conflict with it. While, in cases of this kind, the presumption can be overcome only by clear, convincing and satisfactory evidence, the question of what constitutes such evidence, and when the presumption is overcome ordinarily and primarily, are questions addressed to the trier of fact. His conclusions on them should not be disturbed on appeal except in cases of an abuse of discretion or where there is no sufficiently substantial evidence supporting them.

On hearing a motion for new trial the trial judge sits as a thirteenth juror. He may weigh the evidence, resolve conflicts in it, judge the credibility of the witnesses and reject the testimony of any witness whose testimony he doubts, or accept that of a witness he believes. An appellate court has no such power. Ordinarily we are bound by the decision of the trial judge where the evidence is conflicting and there is reasonably substantial evidence or reasonable inferences to be drawn from the evidence supporting the decision of the trial court. (*Sassano* v. *Roullard,* 27 Cal.App. 2d 372 [81 P.2d 213]; *Mah See* v. *North American Acc. Ins. Co.,* 190 Cal. 421 [213 P. 42, 26 A.L.R. 123].)

Here the testimony of Mr. Wilson supports the inference (evidently drawn by the trial judge) that the plan for the testamentary disposition of his property originated in the mind of the testator and that he was not influenced by his attorney in making the will or executing his plans for the disposal of his estate. While it would have been better to have had an independent and disinterested attorney called in to prepare the will, with Mr. Wilson entirely out of the picture, we cannot say that the conclusions of the trial judge so lack evidentiary support that we may reverse the order granting a new trial.

In their reply brief the contestants argue that the order

granting the motion for new trial was an idle gesture and therefore should be reversed because the will of April 23, 1943, had been revoked by a later will executed on August 5, 1943, which has been admitted to probate. (*Estate of Philippi*, 71 Cal.App.2d 127 [161 P.2d 1006].)

The argument that the earlier will had been revoked may or may not be sound depending on the effect of the August will if both should be admitted to probate (*Estate of Kaufman*, 25 Cal.2d 854 [155 P.2d 831]) and the rights of the two children who were pretermitted heirs under the August will.

The question now before us is the propriety of the order granting the motion for new trial which leaves open the question of the admission to probate of the April will, and not its construction, nor that of the August will, nor the rights of the pretermitted children of deceased. Those questions will be properly presented during the later stages of the probate proceedings and are not for consideration at this time. (*Estate of Hickman*, 101 Cal. 609 [36 P. 118]; *Estate of Martin*, 31 Cal.App.2d 501 [88 P.2d 234]; *Estate of Philippi, supra.*)

The order is affirmed.

Griffin, Acting P. J., concurred.