[Civ. No. 16673. Second Dist., Div. One. Apr. 1, 1949.]

Estate of HERMAN SELDITCH, Deceased. CLARA FORTH, as Executrix, etc., Petitioner and Appellant, v. ANNIE LEVINE, Contestant and Appellant; BEN GOULD, as Guardian, etc., et al., Legatees and Appellants; NETTIE ROBBINS et al., Legatees and Respondents.

Ben Gould, in pro. per., and for Petitioner and Appellant.

Bachrack & Wilson and Ralph Wilson for Contestant and Appellant.

DORAN, J.—Herman Selditch, a resident of Los Angeles County, died on August 15, 1946, at Mexico City. Thereafter, one Clara Forth, named as executor, petitioned for probate of two holographic documents written upon Western Union telegraph blanks, together with a typewritten will signed by decedent but attested by only one witness, the latter document being sometimes referred to as the "incomplete will." These documents were found in decedent's safe deposit box. The theory of the petition and of appellant is that the so-called "incomplete will" was entitled to probate by reason of its incorporation by reference in the holographic Western Union documents. The trial court refused to adopt this theory.

A contest to the probate of the above described documents was filed by Annie Levine, a sister of decedent, who would be entitled to succeed to a part of the estate under the California laws of succession. The trial court found that the Western Union holographic documents constituted the decedent's will but refused probate of the so-called "incomplete will" either by itself or as a part of the Western Union documents.

The petitioner, Clara Forth, has appealed from that portion of the judgment denying probate of the "incomplete will," and also from the trial court's denial of a continuance sought for the purpose of producing additional evidence. Annie Levine has appealed from that portion of the judgment granting probate to the holographic Western Union documents.

In the language of the trial court's findings, the so-called "incomplete will" found in the decedent's safe deposit box was, "a typewritten document bearing date of July 12, 1946, . . . signed by the decedent and witnessed by one John W. Buzzell, and . . . no other subscribing witnesses."

A letter, signed, dated and entirely in decedent's handwriting, written on Western Union telegraph blanks, found in the same safe deposit box, read as follows:

"8-7-46

"To the Officers of the Bank of America
7th and Broadway Branch,
Los Angeles, California

"Please honor the requests of Mrs. Clara Forth and Samuel Selditch. They are the Executors of my Will without bond. Please notify my brother at 5019-Beverly Road, Brooklyn New York. Thank You.

"Herman Selditch
"Box 560, Los Angeles."

On another similar telegraph blank, likewise holographic and found in the same box, was the following letter:

"I have a safe deposit box 560 at Bank of America, 7th and Broadway Branch
Los Angeles, California

"8-7-46
"Los Angeles, California

"Dear Sam:

"You and Clara are both Executors of my Will without bond.

"Please get in touch with her at 51-Rose Street, Venice, California, Santa Monica 84956, or 1622-Ridgely Drive, Los Angeles, California, Webster 4673.

| "I have in War Bonds | 5812.00 |
| Traveling Checks | 2000.00 |
| Cash | 3400.00 |
| | $11212.00 |

"I also have three suitcases in Bekins Storage Company, 1335-South Figueroa, Los Angeles, California 1 trunk which I shipped to Mexico City by Railway Express prepaid $27.16

"Herman Selditch"

The trial court found that the above letters "do not incorporate, by reference or in any other manner," the typewritten will attested by only one witness, heretofore referred to as the "incomplete will"; for which reason probate of the latter was refused. As hereinbefore noted, the Western Union documents set forth above, not disposing of decedent's estate and denominated "a mere nomination of Executors," were held solely entitled to probate as constituting an holographic will of the decedent.

Appellant's brief argues that the trial court was in error in refusing probate of the typewritten "incomplete Will" for the reason that "The law favors testacy rather than intestacy"; and that "The incomplete will was found under circumstances which resulted in an incorporation in the Western Union blanks by reference." The claim of incorporation by reference is based on the fact that the "incomplete will" was found in the safe deposit box with the holographic letters written on Western Union blanks, the latter documents, however being enclosed in an unsealed envelope.

Mrs. Clara Forth testified that the "incomplete will" "was lying in the box, and the envelope containing these were

clipped to this, to the will." Appellant also calls attention to the fact that the holographic letters made reference to the fact that certain persons were executors of decedent's will, and gave information "which the decedent deemed necessary and helpful in connection with the Probate of Decedent's estate." It is claimed that "a series of acts more definitely calculated to demonstrate testamentary intent would be difficult to construct."

As bearing upon the issues herein, both parties have made use of *Simon* v. *Grayson*, 15 Cal.2d 531, 533 [102 P.2d 1081], where the court said: "It is settled law in this state that a testator may incorporate an extrinsic document into his will, provided the document is in existence at the time and provided, further that the reference to it in the will clearly identifies it, or renders it capable of identification by extrinsic proof." The case further says, at page 534, that the authorities "do not require that the informal document be identified with exact precision; it is enough that the descriptive words and extrinsic circumstances combine to produce a reasonable certainty that the document in question is the one referred to by the testator in his will. . . . Here the letter was found in the safe deposit box with the will. It was addressed to the executors, as the will stated it would be. No other letter was found. . . . It identifies itself as the letter mentioned in the will."

*Estate of Sullivan*, 94 Cal.App. 674, 678 [271 P. 753], has been cited in support of appellant's position that the "incomplete will" found in the safe deposit box can, "by reference," be considered a part of the Western Union holographic documents, and therefore granted probate. The Sullivan case held, in the language of the headnote, that "Where a holographic codicil is validly executed as a will according to law and its terms are such as to incorporate into and as a part thereof a defective holographic will, the two documents constitute the will of the testator." It was also there said that, "In determining the sufficiency of the description in the second document to incorporate the first by reference, logic directs that the sealing of the two documents in one envelope is just as eloquent as the attaching together of the two documents by other mechanical means."

Appellant's brief also points out that under the holding in *Estate of Philippi*, 71 Cal.App.2d 127, 134 [161 P.2d 1006], quoting from *Estate of Hickman*, 101 Cal. 609 [36 P. 118],

"The fact that a testator nominates an executor, but without giving a legacy or devising any of his property, makes it none the less a will." The Western Union blanks, which do not attempt to dispose of decedent's property, but merely refer to the executors named in the prior "incomplete will," are therefore, according to the appellant's argument, to be considered as testamentary instruments.

It is respondent's contention that, before there can be any incorporation by reference, there must be a *valid* will in existence, and that "There is absolutely no evidence in the record which would establish that the decedent intended the Western Union blanks to be his last will." Respondent also insists that "There is nothing in those Western Union blanks which makes any reference to the previously executed type-written document," (the so-called "incomplete will" which was not properly witnessed).

The facts disclosed by the record in the instant case are in various respects different from those which existed in the cited cases. This is particularly true in reference to the matter of "incorporation by reference," under which theory appellant maintains that the incomplete typewritten will should be granted probate along with and as a part of the holographic Western Union letters. It is obvious that considerable caution should be exercised in applying the doctrine of "incorporation by reference." That the testator's intent to incorporate other documents into a will should be reasonably apparent either from direct reference thereto in the will or from some rather unequivocal surrounding circumstances clearly indicating the same intent, is likewise clear. The record herein, as found by the trial court, indicates nothing of this nature save the fact that the improperly witnessed typewritten will, referred to as the "incomplete will," was found in the same safe deposit box as the holographic letters. The "envelope containing these (letters) were clipped to this, to the (incomplete) will."

It may be true that the testator considered and intended that the "incomplete will" would govern disposition of the estate. This however, cannot be, for that document was not attested by the two witnesses required by law. And the Western Union letters, although valid as an holographic will, can give no validity to the "incomplete will." Nor can any validity be imparted to the "incomplete will" from the mere fact that it was found in the same box which contained the holographic instruments. None of the cited cases go so far

as to suggest such a procedure. To sanction such a doctrine would establish a precedent providing a convenient and dangerous by-pass wherewith to avoid the usual testamentary requirements.

█ In respect to the trial court's finding that the letters bearing date August 7, 1946, written by the decedent on Western Union telegraph blanks, "solely, are the Last Will and Testament of the decedent and are entitled to admission to probate," it need only be said that such finding is supported by substantial evidence and is in accord with existing law. While it is true that these holographic documents did nothing more than name the executors and furnish certain information concerning decedent's property, such instruments are undoubtedly testamentary in nature and entitled to probate. Under the law as stated in *Estate of Philippi*, 71 Cal.App.2d 127 [161 P.2d 1006], and elsewhere, it is unnecessary that a will do more than nominate an executor. And in such a case, as observed by the trial court, decedent's property "shall be distributed in accordance with the laws of succession."

█ The trial court denied a motion for continuance "with the understanding that if it becomes necessary, or the Court feels it is necessary to have the testimony of this additional witness . . ., then the court may allow Depositions." To this disposition of the motion appellant's attorney apparently agreed, and stated: "Yes, that is the understanding." Respondent's attorney likewise said: "That is correct, your Honor." In this state of the record, and since the denial of such a continuance was a matter clearly within the discretion of the trial court, no error is apparent.

There is no merit either in the appeal or in the cross appeal filed herein, and the judgment of the trial court is therefore affirmed.

White, P. J., concurred.

A petition for a rehearing was denied April 25, 1949, and petitioner and appellant's petition for a hearing by the Supreme Court was denied May 26, 1949. Carter, J., voted for a hearing.