BLACKFORD, EXR., APPELLEE, *v.* VERMILLION, APPELLANT, ET AL., APPELLEES.

(No. 592—Decided June 28, 1958.)

*Mr. Aaron F. Blackford,* for plaintiff-appellee.

*Mr. Richard J. Rinebolt,* for appellant.

*Mr. Sylvan Wise* and *Mr. Walter L. White,* for defendants-appellees.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Probate Court of Hancock County in an action for the construction of the provisions of the will of Ida G. Vermillion, deceased, and for directions as to the distribution of her estate thereunder.

The appellant assigns error in a number of particulars, which may be summarized that the judgment of the lower court is contrary to law. The facts which are pertinent to this appeal are as follows:

1. Testatrix died leaving a will, thereafter admitted to probate, which, after directing that her debts be first paid out of her estate and after making a specific devise to her husband of certain real estate not owned by testatrix at the date of her death, provided, among other things not herein pertinent, as follows:

"Item III. I direct my executor, hereinafter named, to sell my farm in Union Township, Hancock County, Ohio, and known as the north one hundred (100) acres of the southeast quarter of section twenty-nine (29), as soon as practicable after my death, and divide the net proceeds therefrom among my grandchildren, namely, Harold Earl Vermillion, Alberta Maxine Vermillion, Russell Vermillion, Lois Irene Vermillion, Phillip Vermillion, Jeffre Vermillion, share and share alike.

"Item IV. I direct my executor, hereinafter named, to sell all the rest and residue of my property, both real and personal, and divide the net proceeds therefrom among my children, namely, Ruth Viola Vermillion, Ralph Virgil Vermillion and Lloyd Laverne Vermillion, share and share alike."

2. Thereafter, William Albert Vermillion, the surviving spouse of testatrix, elected to take under the statute of descent and distribution rather than under the will.

The only question raised by this appeal is whether the legacies to the grandchildren under Item III of testator's will must be reduced proportionately, together with the legacies to the children under Item IV of the will, and thus contribute pro-

portionately to the elective share of the surviving spouse, or whether, in the alternative, the legacies to the children under Item IV must, alone, be reduced, and alone contribute to the elective share of the surviving spouse. However, to dispose of this issue we must first determine whether the share of the estate which the surviving spouse elects to take under the statute of descent and distribution is a charge against only the "rest and residue" of the testator's property, mentioned in Item IV of the will, or whether such share should be also proportionately charged against the real property to be sold to produce funds for the specific legacies mentioned in Item III of her will?

In disposing of these issues, the lower court treated the surviving spouse's share as being one-third of the *net value* of the estate, and held that "the entire elective share of the surviving spouse must be contributed by residuary legatees and devisees." It is from this judgment that the appellant, Ruth Vermillion Welty, one of the children, perfected her appeal.

The following portions of the Revised Code are pertinent:

Section 2107.39 (formerly Section 10504-55, General Code). "After the probate of a will and filing of the inventory, appraisement, and schedule of debts, the Probate Court * * * shall issue a citation to the surviving spouse * * * to elect whether to take under the will or under Section 2105.06 of the Revised Code. If such spouse elects to take under such section, such spouse shall take not to exceed one half of the net estate * * *."

Section 2105.06 (formerly Section 10503-4, General Code). "When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such *personal property shall be distributed* and such *real estate or inheritance shall descend* and pass *in parcenary,* except as otherwise provided in Chapter 2105 of the Revised Code, in the following course:

"* * *

"(C) If there is a spouse and more than one child or their lineal descendents surviving, one third to the spouse and the remainder to the children equally, or to the lineal descendents of any deceased child, per stirpes * * *." (Emphasis added.)

The Supreme Court of Ohio, in construing the provisions of these sections as formerly almost identically worded, held in the

case of *Barlow; Daulton, Admx.,* v. *Winters National Bank & Trust Co.,* 145 Ohio St., 270, 61 N. E. (2d), 603, 160 A. L. R., 423, which case we consider as controlling:

"1. Where the relict of a deceased husband elects not to take under his will, she takes her share not by way of a distributive share in money, but by way of inheritance as though it came to her from her deceased husband as an intestate under Section 10503-4, General Code, limited by the provision of Section 10504-55, General Code.

"2. If an estate of such deceased husband consists wholly or in part of real estate, and his widow, as relict, elects not to take under his will but under the statute of descent and distribution, she takes her quantitative share in such real estate as an estate of inheritance, subject to sale, if necessary, to pay the debts of the estate of her deceased husband.

"3. In case the relict of a deceased husband takes title to any such real estate by reason of such election, she is entitled to the rentals from her share of such real estate from the date of the death of her husband."

In his opinion, in which the other members of the Supreme Court unanimously concurred, Judge Hart, at page 280, said:

"The statute, Section 10504-55, General Code, limiting the share which the relict of a deceased husband or wife may elect to take in the estate of such deceased husband or wife under the statute of descent and distribution, does not make such share one-half of the net *value* of such estate, but one-half of the net estate. Hence, there is nothing to indicate that the surviving spouse shall be paid a distributive share in money rather than one-half of the real estate and one-half of the net personal estate after the payment of debts."

Applying these statutes, so construed, to the case before us, it necessarily follows, and we are of the opinion that, regardless of the intent expressed by the testatrix in her will, her surviving spouse, having elected not to take under the provisions of her will but instead under the provisions of the statute of descent and distribution, was immediately upon said election and as of the date of her death vested with a fee simple title to an undivided one-third interest in and to all the real property which the testatrix owned at the time of her

death, subject only to be sold for the payment of debts should the personal property of the estate prove insufficient for such payment; was entitled to all the rents and profits attributable to said undivided third interest in said real estate from and after the date of the death of the testatrix; and was further entitled, upon distribution of said estate, to an undivided one-third interest in and to all the personal property of the estate (including profits and income from said personal property and profits and income from the other undivided two-thirds interest in and to the real estate received after the death of testatrix) remaining after the payment of all the debts and charges against the estate. See, also, *Campbell, Exr.*, v. *Lloyd*, 162 Ohio St., 203, 122 N. E. (2d), 695, and *Foreman, Admx.*, v. *Medina County National Bank*, 119 Ohio St., 17, 162 N. E., 42.

This leaves available to the executor only an undivided two-thirds interest in the real estate described in Item III to be sold to satisfy the legacies to the grandchildren named therein, and thereby serves to reduce the amount which said legatees would have received had the surviving spouse elected to take under the will. It also leaves available to the executor only an undivided two-thirds interest in the balance of the real property in the estate, and an undivided two-thirds interest in the personal property of the estate (including profits and income therefrom and profits and income from the other undivided two-thirds interest in and to the real estate received after the death of the testatrix) remaining after the payment of all the debts and charges against the estate, to go toward the satisfaction of the residuary legacies to the children named in Item IV and thereby serves to reduce the amount which said children would have received had the surviving spouse elected to take under the will. The effect of this is that both classes of legatees bear an equitable, but not necessarily equal or proportionate, share of the reduction in the assets of the estate available for distribution to them caused by the election of the surviving spouse to take under the statute of descent and distribution rather than under the will. And giving effect to the rules governing the construction of wills, it does not appear that the testatrix intended that the burden resulting from such election should be borne by the two classes of legatees in any other manner.

It is our opinion, in the absence of a showing that the testator intended that the effect of an election of a surviving spouse to take against the will should be borne to the contrary, that when the election results in the executor being deprived of property, or interests in property, to such extent and in such manner, that the property, or interests in property remaining available for distribution to different classes of legatees named in different items of the will, would, if so distributed, cause the reduction resulting from said election to be borne equitably, but not necessarily equally or proportionately, between said classes, distribution shall be made accordingly without further adjustment or contribution between the classes.

We conclude that the lower court erred in that part of its judgment pertaining to the issue appealed, that such error was prejudicial to the appellant, that the judgment of the lower court should to such extent be modified, and, as so modified, be affirmed, at the costs of decedent's estate.

We note that the judgment entry of the lower court recites an ''agreement of the parties'' that the rents, profits and income received by the executor from the entire estate should be applied ''as a credit on the amount found due the surviving spouse on final distribution.'' It does not affirmatively appear that the surviving spouse is one of the parties to, or is bound by, this agreement, or whether this agreement binds any of the parties when the judgment of this court on the issues is contrary to that of the trial court. Subject to the enforcibility of said agreement, the rents, profits and income should, of course, be disposed of in the manner hereinbefore mentioned.

*Judgment modified and, as modified, affirmed.*

MIDDLETON, P. J., and YOUNGER, J., concur.