BALYEAT, EXR., *v.* MORRIS, APPELLANT; FIRST UNITED CHURCH OF CHRIST ET AL., APPELLEES.

(No. 1459—Decided December 1, 1971.)

*Messrs. Robenalt, Daley, Balyeat & Balyeat*, for appellee Robert L. Balyeat.

*Mr. A. Marshall Rodgers* and *Mr. Ronald G. Heck*, for appellant.

*Mr. James I. Hunt*, for appellees The Salvation Army and First United Church of Christ.

GUERNSEY, J. Emma A. Koehler, by Item II of her will executed on July 14, 1970, directed her executor to sell all her property and bequeathed the proceeds in equal shares to the defendant charities. She then provided by Item III:

"I have knowingly and intentionally failed to make any provision herein for my granddaughter, SUSAN MORRIS, who has shown me no affection over the years, and it is my express desire that she in no way share in my estate."

The only other provisions of her will were the usual ones for the appointment of an executor and for the payment of her debts and the expenses of her estate. The will contained no residuary or other clause which would be operable if the gifts to the charities should fail.

Testatrix died on August 26, 1970, leaving no surviving spouse, and leaving as her only next of kin her granddaughter Susan Morris. This is an appeal by said granddaughter from the judgment of the Probate Division of the Common Pleas Court in an action brought by the executor to have the will construed with respect to the application of R. C. 2107.06, commonly known as the mortmain statute, the trial court holding that pursuant to the above-quoted provision Susan Morris cannot "inherit as the 'only issue' " of the decedent, that since she cannot do so such express exclusion operates to leave the bequest to the charities in full force and effect, R. C. 2107.06 not, for such reason, being applicable to invalidate such bequest. The appellant assigns as error such determination of the trial court.

R. C. 2107.06 provides, in pertinent part, as follows:

"(A) If a testator dies leaving issue and by his will devises or bequeaths his estate, or any part thereof, * * * to any person, association, or corporation for the use or benefit of one or more benevolent, religious, educational, or charitable purposes, such devises and bequests shall be valid in their entirety only if the testator's will was executed more than six months prior to the death of the testator. If such will was executed within six months of the testator's death, such devises and bequests shall be valid to the extent they do not in the aggregate exceed twenty-five per cent of the value of the testator's net probate estate, and in the event the aggregate of the devises and bequests exceed twenty-five per cent thereof, such devises and bequests shall be abated proportionately so that the aggregate thereof equals twenty-five per cent of the value of the testator's net probate estate. "* * *.

"(C) The portion of any such devises and bequests which is invalid under this section shall be distributed per

stirpes among such testator's issue unless expressly otherwise provided in the will or codicil.

"(D) * * * 'issue' means a child or children, including an adopted child or adopted children, and their lineal descendants."

In all of its forms prior to its present form Ohio's mortmain statute contained no provision for the devolution of the property should the bequest or devise fail as a result of the operation of the statute. See, for example, G. C. 10504-5 (114 Ohio Laws 320, 346). This situation would normally result in the property, so attempted to be bequeathed or devised, to pass, not under the will, but by intestate succession under the laws of descent and distribution.

By the general clause of subdivision (C) thereof, R. C. 2107.06, in its present form, sets forth a special statute of descent and distribution applicable to the intestate devolution of property which fails to pass because of the invalidity of a bequest or devise resulting from the application of subdivision (A) of the statute, *i. e.*, applicable except in those cases where the decedent dies testate as to such invalid bequests or devises when he has, as prescribed by the last phrase of subdivision (C) "expressly otherwise provided in the will or codicil." Such express provision must be a provision setting forth to whom such property goes when the original devise or bequest is invalid and not a provision setting forth to whom the property does not go.

We conclude from the foregoing that Item III of the decedent's will, not being a provision expressly otherwise providing for the devolution of the property in question, such property must, therefore, pass under the general clause of subdivision (C) to the issue of the decedent as defined in subdivision (D). Appellees would argue, however, that such cannot be the case because the appellant granddaughter is the only person so defined and the property cannot pass to her because she has been specifically disinherited by Item III of the will.

However, it has consistently been the law of Ohio, established by the case of *Crane* v. *Doty* (1853), 1 Ohio St. 279, that "a testator cannot, by any words of exclusion

used in his will, disinherit one of his lawful heirs, in respect to property not disposed of by his will." In that case, the testator limited his daughter to what she had already received, plus $200, "and it is my will that she * * * shall have no more." In *Mathews* v. *Krisher* (1898), 59 Ohio St. 562, 574, the rule is restated "that the heir at law can be disinherited only by a devise of the property to another." See, also, *Oglesbee* v. *Miller* (1924), 111 Ohio St. 426.

We cannot apply here the case of *Ruple* v. *Hiram College* (1928), 35 Ohio App. 8, cited by the appellees, for the same does not necessarily stand for the proposition claimed, that if the situation is such that invalidating the charitable gift will not benefit the issue, the statute is inapplicable and the gift is valid, and that case must also be differentiated on its facts and on the statute applicable. Nor can we determine that the operation of the mortmain statute may be prevented by the use, as here, of a will clause disinheriting the issue who would benefit by its operation. To do that would defeat the basic purpose and intent of the enactment of such a statute.

We conclude, that the gifts to the charities are invalid to the extent that they in the aggregate exceed twenty-five per cent of the testator's net probate estate and that they shall be abated proportionately so that the aggregate thereof equals such twenty-five per cent. We conclude further that there being no residuary or other clause in the will prescribing the devolution of the balance of the testator's net probate estate, as to such balance the decedent is intestate, and such balance then passes under the special statute of descent and distribution (subdivision (C)) to the appellant, as the only "issue" of the decedent. The judgment of the trial court must be reversed and vacated, and final judgment be entered accordingly.

*Judgment reversed.*

YOUNGER, P. J., and COLE, J., concur.