[Cite as *Chambers v. Davis*, 2014-Ohio-2804.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| KAREN CHAMBERS, | : | APPEAL NO. C-130635 |
| | | TRIAL NO. 2012001662 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| YVONNE W. DAVIS, Executor of the Estate of Bernice Williams, deceased, | : | |
| | : | |
| Defendant-Appellant, | : | |
| and | : | |
| COURTNEY V. BUTLER, et al., | : | |
| Defendants. | : | |

Appeal From:  Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 27, 2014

*Leslie F. Thomas*, for Plaintiff-Appellee,

*Norma J. Holt Davis*, for Defendant-Appellant.

Please note:  we have removed this case from the accelerated calendar.

**FISCHER, Judge.**

{¶1} Bernice Williams died on February 26, 2011. Her daughter, plaintiff-appellee Karen Chambers, opened an estate in the Probate Division of the Hamilton County Court of Common Pleas and was appointed administrator. Williams's sister, defendant-appellant Yvonne Davis, presented a document to the probate court purporting to be the last will and testament of Bernice Williams. The will expressly stated that Williams was leaving nothing to Karen Chambers because she had "been hostile, arrogant and disrespectful to [Williams] in the last five (5) plus years." The will also stated that Chambers's two sons would receive nothing because they had "been estranged from [Williams] in the last five (5) years." The bulk of Williams's estate was left to her niece, Tracey Dove. The will had no residuary clause. After a hearing, at which Dove testified as a witness to the signing of the will, the will was admitted, and Davis was appointed executor. Chambers then filed the within complaint for will construction and declaratory judgment.

{¶2} The magistrate determined, after a hearing, that all bequests in the will were valid, except the bequest to Dove, which was invalidated under R.C. 2107.15 because Dove's testimony as a witness to the signing of the will had been necessary for admission of the will. The magistrate determined that Williams had died intestate as to the property in the Dove bequest, and therefore, the property would pass to Chambers under the statute of descent and distribution. Davis filed objections to the magistrate's decision, which the probate court overruled, adopting the magistrate's decision. Davis has appealed.

{¶3} In three assignments of error, Davis argues that the trial court erred in determining that Williams's disinheritance of her daughter became ineffective

when the bequest to Dove was invalidated. Davis argues that the probate court should have given effect to Williams's intent to disinherit her daughter and grandsons by essentially treating Chambers and her sons as predeceasing Williams in the descent-and-distribution statutory scheme and awarding the property to Williams's siblings.

{¶4} The bequest to Dove was correctly invalidated under R.C. 2107.15, and the will had no residuary clause. "Lapsed legacies and devises go to those entitled to take under the laws of descent and distribution." *In re Estate of Robert v. Underwood*, 4th Dist. Scioto No. 1838, 1990 Ohio App. LEXIS 1646 (Apr. 26, 1990), citing *Foreman v. Medina Cty. Natl. Bank*, 119 Ohio St. 17, 162 N.E. 42 (1928). The law in Ohio is that "a testator cannot, by any words of exclusion used in his will, disinherit one of his lawful heirs, in respect to property not disposed of by his will." *Crane v. Exrs. of Doty*, 1 Ohio St. 279 (1853), syllabus. "[T]he heir at law can be disinherited only by a devise of the property to another." *Mathews v. Krisher*, 59 Ohio St. 562, 574, 53 N.E. 52 (1899).

{¶5} Davis argues that because Williams attempted to dispose of all her property by will, and she clearly intended to disinherit her daughter and grandsons by leaving the property to Dove, this court should "give effect" to her intent and hold that since Dove is not permitted to inherit the property, it should go to someone other than Chambers, namely, Williams's siblings.

{¶6} Williams attempted to dispose of all her property by will, but that attempt failed when the provision leaving property to Dove was invalidated. The will did not contain a residuary clause or any instruction as to who was to receive the property in the event that any bequest or devise failed. It is not enough that the will set forth who was not to get the property; to be valid, any instruction or provision

3

must set forth who is to inherit the property if the original bequest or devise is invalid. *See Balyeat v. Morris*, 28 Ohio App.2d 191, 276 N.E.2d 258 (3d Dist.1971) (interpreting R.C. 2107.66, Ohio's mortmain statute). Therefore, the property passes by intestate succession to those entitled to take under the statute of descent and distribution. *See In re Estate of Robert* at \*4, citing *Foreman* at 17. Ohio law is clear that Williams could not, by using any words of exclusion, disinherit Chambers with respect to property not disposed of by her will. *See Crane* at syllabus. The property left to Dove cannot, by statute, pass to her under Williams's will; therefore, the property must pass to Williams's lawful heir under the statute of descent and distribution. Chambers, as Williams's lawful heir under the statute of descent and distribution, is entitled to inherit the property.

{¶7}     The assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:
     The court has recorded its own entry this date.