[No. E001334. Fourth Dist., Div. Two. Apr. 23, 1985.]

Estate of KENNETH LEE SMITH, Deceased.
MILDRED M. SMITH, Individually and as Administrator
With the Will Annexed, etc., Petitioner and Respondent, v.
CITY OF HOPE, Objector and Appellant.

**COUNSEL**

Myron W. Curzon for Objector and Appellant.

Murray & Ames and Charles E. Murray for Petitioner and Respondent.

**OPINION**

**MOORE, J.**\*—City of Hope, sole beneficiary in decedent's will, appeals from a judgment[1] distributing decedent's entire estate under Probate Code section 70 to the surviving wife, respondent herein.

Decedent disinherited his only living child in his will. The sole issue raised in this appeal is whether the surviving wife's entitlement to the estate is to be determined in accordance with Probate Code section 221 or section 224.

---

\*Assigned by the Chairperson of the Judicial Council.

[1]Two similar judgments were entered, one on July 17, 1984, and the other on August 21, 1984, both of which are treated as one judgment herein.

Probate Code section 221 provides for distribution under the rules of succession to a surviving spouse and issue and section 224 provides for distribution to a surviving spouse as sole survivor.

The code section to be used depends upon the construction to be given the disinheritance of decedent's only living issue, his son.

## FACTS

Decedent Kenneth Lee Smith executed his last will on June 25, 1982; he later married Mildred M. Smith on May 2, 1983. He died June 15, 1983, leaving surviving him his wife Mildred, respondent herein, and a son, Michael Ray Smith.

All of decedent's estate is separate property and his will was admitted to probate on November 18, 1983. Provisions of his will important to the issue raised are:

"FIRST

"I am an unmarried man. I have one son, whose name is MICHAEL RAY SMITH. I have one deceased son, namely JOHN LEE SMITH.

"It is my express intent not to provide in this Will for my son, MICHAEL RAY SMITH, and his heirs.

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"FOURTH

"I give my entire estate, including all property of whatever kind and wherever located or deposited to the City of Hope, 208 West Eighth Street, Los Angeles, California 90014."

## DISCUSSION

Probate Code section 70, which is applicable to this estate,[2] provides in relevant part that if a person marries after making a will, the will is revoked as to the spouse. This does not cause a revocation of the entire will as it is the intent of this section to allow a pretermitted heir to participate in an estate to the extent of his or her intestate share, leaving

---

[2]Probate Code section 70 and sections 101, 221 and 224 herein cited or discussed, were all repealed in 1983 (Stats. 1983, ch. 842 [operative Jan. 1, 1985]) but pursuant to Probate Code sections 241, 6103, 6414 and 6580, the provisions of the repealed sections continue to apply to estates of decedents who died before January 1, 1985.

All statutory references will be to the Probate Code unless otherwise specified.

operational the remaining provisions of the will. (*Estate of Shimun* (1977) 67 Cal.App.3d 436 [136 Cal.Rptr. 668].)

■ Here, the will was made before decedent's marriage to Mildred M. Smith and she is not otherwise provided for or mentioned, and so the will is revoked as to her. She is entitled to take the portion of the decedent's estate she would have received had the decedent died intestate. Section 221, pertaining to intestate succession of separate property reads in pertinent part: "If the decedent leaves a surviving spouse, and only one child . . ., the estate goes one-half to the surviving spouse and one-half to the child . . . ." Here, the decedent left a surviving spouse and one child. Thus, the share Mrs. Smith would have taken had the decedent died intestate is one-half.

Section 224 reads in pertinent part: "If the decedent leaves a surviving spouse and neither issue, parent, brother, sister, nor descendant of a deceased brother or sister, the whole estate goes to the surviving spouse." But, of course, the decedent here did leave surviving issue, his son. Thus, section 224 by its terms is inapplicable. Section 224 is not conditioned on the decedent's leaving surviving issue who inherit, only that the decedent leave surviving issue. That he did.

In the *Estate of Layton* (1933) 217 Cal. 451 [19 P.2d 793, 91 A.L.R. 480], the court stated: " 'The contestants base their claims upon the theory that, since the daughter is expressly excluded by the terms of the will, she is to be treated as nonexistent and that in accordance with the intent of the testator the rule of intestate succession applicable to the case is set forth in subdivision 2, section 1386, of the Civil Code, which provides that if a husband die without issue and without a father and mother living, his estate shall go half to the wife and half to his brothers and sisters. This principle seems to be sustained by the cases of *Minot* v. *Harris,* 132 Mass. 529, and *White* v. *Springett,* L.R. Ch. App. Cas., vol. 4, p. 300.' " (217 Cal. at pp. 458-459.)

However, having earlier identified another theory for reaching the same result by interpreting the will in a way " ' 'opposed to the theory that the testator intended that the invalid portion of the bequest to the church should go to the wife' " (217 Cal. at p. 458), the court then immediately concluded: " '*Whichever theory is adopted,* it seems to us that the testator did not intend that any invalid portion should go to his wife alone and that, in using the words "then living heirs" he did so intending to designate thereby those persons, excluding his daughter, who should be alive at the time of the termination of the trust and who might at that time come within the term "heirs". The contestants, being the brother and sisters, were, therefore,

interested parties to the probate of the estate and, being "mentioned" by the provisions of the fourth paragraph of the will, are not included in the disinheriting provisions of the fifth paragraph thereof.' " (217 Cal. at p. 459, italics added.)

Thus, the holding of the *Layton* decision is not that the disinherited issue must be treated as nonexistent. It is true the court in *Layton* seemed willing, if necessary, to adopt that theory, but it was willing to do so *only in aid of effectuating the testator's intent as expressed in the will.* The testator's intent as interpreted by the court was that the wife not receive the entire estate, but rather, that the brother and sisters receive a portion of the failed charitable gift, and the court seemed willing to utilize the fiction that the daughter was nonexistent to carry out the testator's intent. The whole discussion by the court of these problems was immediately preceded by its express recognition that " '. . . "[t]he paramount rule in the construction of wills, to which all other rules must yield, is that a will is to be construed according to the intention of the testator as expressed therein, and this intention must be given effect as far as possible." ' " (217 Cal. at p. 458; accord §§ 101 [see fn. 1, *ante*], 6140; see 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 159, pp. 5674-5675 and numerous cases there collected.)

Here, we have a duly executed and valid will expressing the testator's intent that his entire estate be given to the City of Hope. Because of the decedent's subsequent marriage to Mildred Smith and his failure to mention her or otherwise provide for her, his will is by statute deemed revoked as to her, but only as to her. She is entitled to take what she would have received had he died intestate, unaffected by the provisions of the will.

The decedent left surviving issue, a son. The survival of issue, not inheritance by issue, is the statutory touchstone for fixing the pretermitted spouse's intestate share.

The judgment is reversed with directions to enter judgment giving the estate one-half to Mildred M. Smith and one-half to the City of Hope.

Kaufman, Acting P. J., and Rickles, J., concurred.