[No. D010146. Fourth Dist., Div. One. Oct. 24, 1990.]

Estate of RUSSELL DONOVAN SHANNON, Deceased.
GILBERT A. BROWN, as Executor, etc., Petitioner and Appellant,
v.
BEATRICE MARIE SALESKI, Objector and Respondent.

**COUNSEL**

Legler & Tomlinson, Thomas M. Tomlinson and Dennis L. Wells for Petitioner and Appellant.

Russell G. Tanner for Objector and Respondent.

**OPINION**

**HUFFMAN, ACTING P. J.**—Gilbert A. Brown, executor of the will of Lila Demos Shannon (also known as Lila King Demos), appeals on behalf of Lila's estate from an order of the probate court denying her petition for determination of heirship as an omitted spouse under Probate Code[1] section 6560 in the estate of Russell Donovan Shannon. We reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 1974, Russell, an unmarried widower, executed his last will and testament, naming his daughter, Beatrice Marie Saleski, executrix and sole beneficiary. The will also provided his grandson, Donald Saleski, would inherit his estate in the event Beatrice did not survive him for "thirty (30) days" and contained a disinheritance clause which provided as follows: "SEVENTH: I have intentionally omitted all other living persons and relatives. If any devises, legatee, beneficiary under this Will, or any legal heir of

---

[1] All statutory references are to the Probate Code unless otherwise specified.

mine, person or persons claiming under any of them, or other person or persons shall contest this Will or attack or seek to impair or invalidate any of its provisions or conspire with or voluntarily assist anyone attempting to do any of those things mentioned, in that event, I specifically disinherit such person or persons. [¶] If any Court finds that such person or persons are lawful heirs and entitled to participate in my estate, then in that event I bequeath each of them the sum of one ($1.00) dollar and no more."

On April 27, 1986, Russell married Lila. On February 22, 1988, Russell died. He did not make any changes in his will after his marriage to Lila and before his death. His 1974 will was admitted to probate May 9, 1988, and Beatrice was named executrix of his estate.

On September 27, 1988, Lila filed a petition for family allowance (§ 6540), to set apart probate homestead (§ 6520) and or determination of entitlement to estate distribution as an omitted surviving spouse (§§ 1080, 6560). The court denied the petition for family allowance and Lila withdrew her petition to set apart probate homestead. The remaining issue of Lila's entitlement to share in Russell's estate was heard December 14, 1988, and taken under submission.

On March 24, 1989, the probate court issued its order denying Lila's petition to determine heirship. She timely appealed only from this latter order.[2]

During the pendency of this appeal, Lila died and her son Brown was named executor of her estate and substituted in her place as appellant.[3] He has objected to the distribution of Russell's estate until after this appeal is decided.

## Discussion

On appeal, Lila contends she was a pretermitted spouse within the meaning of section 6560 and does not fall under any of the exceptions under section 6561 which would preclude her from sharing in Russell's estate as an omitted spouse. We agree and reverse.

Section 6560, added to the Probate Code in 1983, amended in 1984 and applicable to estates of decedents who died on or after January 1, 1985 (Stats. 1983, ch. 842, § 55; Stats. 1984, ch. 892, § 45), states: "Except as provided in Section 6561, if a testator fails to provide by will for his or her

---

[2] An order made after hearing a petition for heirship is appealable under section 7240, subdivision (m).

[3] In this opinion, we refer to Lila's estate as Lila.

surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive a share in the estate consisting of the following property in the estate: [¶] (a) The one-half of the community property that belongs to the testator . . . . [¶] (b) The one-half of the quasi-community property that belongs to the testator . . . . [¶] (c) A share of the separate property of the testator equal in value to that which the spouse would have received if the testator had died intestate, but in no event is the share to be more than one-half the value of the separate property in the estate."

Section 6561 states: "The spouse does not receive a share of the estate under Section 6560 if any of the following is established: [¶] (a) The testator's failure to provide for the spouse in the will was intentional and that intention appears from the will. [¶] (b) The testator provided for the spouse by transfer outside the will and the intention that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or by other evidence. [¶] (c) The spouse made a valid agreement waiving the right to share in the testator's estate."

Section 6560 supersedes that portion of former section 70 which had the effect of revoking the will as to the omitted spouse and giving that spouse the same share as the spouse would have taken if the testator had died intestate. (See Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1990 supp.) § 6560, p. 295.) Section 6561 supersedes the portion of former section 70 which stated, "unless provision has been made for the spouse by marriage contract, or unless the spouse is provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of revocation can be received." (Stats. 1931, ch. 281, § 70, p. 590.) These latter two provisions are continued in section 6561 in subdivision (a) and, in addition, section 6561 now recognizes an omitted spouse may waive the right to take property of the other spouse by testate or intestate succession (§ 6561, subd. (c)) and does not receive a share if the testator provided for the omitted spouse by a "transfer outside the will" that was intended to be in lieu of a testimentary provision (§ 6561, subd. (b)). (See Cal. Law Revision Com. com., 54A West's Ann. Prob. Code, *supra*, § 6561, p. 297.)

It is well established section 6560 reflects a strong statutory presumption of revocation of the will as to the omitted spouse based upon public policy. (*Estate of Duke* (1953) 41 Cal.2d 509 [261 P.2d 235].) Such presumption is rebutted only if circumstances are such as to fall within the literal terms of one of the exceptions listed in section 6561. (See *Estate of Sheldon* (1977) 75 Cal.App.3d 364 [142 Cal.Rptr. 119].) The burden of proving the presumption is rebutted is on the proponents of the will. (See *Estate of Paul* (1972) 29 Cal.App.3d 690, 697 [105 Cal.Rptr. 742].)

Here, Russell failed to provide for Lila in his will. Under the language of section 6560, she is thus an omitted spouse and the crucial inquiry becomes whether Beatrice met the burden of rebutting this presumption. Specifically, the issues are whether the will shows a specific intent to exclude Lila pursuant to section 6561, subdivision (a) and whether Beatrice presented sufficient evidence to show Russell had intended to otherwise provide for Lila outside of his will in lieu of her taking under it pursuant to section 6561, subdivision (b), or to show Lila waived her rights to share in his estate under section 6561, subdivision (c).

■ The will on its face does not evidence an intent on Russell's part to disinherit Lila. As the presumption under section 6560 is only rebutted by a clear manifestation of such intent on the face of the will, "regardless of what may have been the wishes of the [decedent]" (*Estate of Basore* (1971) 19 Cal.App.3d 623, 627-628 [96 Cal.Rptr. 874]; see also *Estate of Duke, supra,* 41 Cal.2d 509 and *Estate of Paul, supra,* 29 Cal.App.3d 690), the section 6561, subdivision (a) exception has not been established.

Contrary to Beatrice's reliance on *Estate of Kurtz* (1922) 190 Cal. 146 [210 P. 959] to argue the language "any legal heir of mine" in the disinheritance clause contained in Russell's will somehow shows his intent to disinherit Lila, whom he married 12 years after executing the will, that case has been effectively overruled by subsequent case law. (See *Estate of Axcelrod* (1944) 23 Cal.2d 761, 769-770 [147 P.2d 1] (conc. opn. of Carter, J.).) *Estate of Axcelrod, supra,* 23 Cal.2d at pages 765-769, distinguished the *Kurtz* case and held a general provision in a will, that the testator "intentionally omitted all of my heirs who are not specifically mentioned herein, intending thereby to disinherit them," may not be construed as mentioning a subsequently acquired spouse in such a way as to show an intention not to make provision for the spouse, where the testator at the time the will was executed had no spouse who could become "an heir." (*Id.* at p. 767.)

Case law has also held exclusionary clauses in wills which fail to indicate the testator contemplated the possibility of a future marriage are insufficient to avoid the statutory presumption. (*Estate of Poisl* (1955) 44 Cal.2d 147, 149-150 [280 P.2d 789]; *Estate of Paul, supra,* 29 Cal.App.3d 690.) Even testamentary clauses specifically disinheriting a named individual whom the testator planned to marry and a clause stating "any other person not specifically mentioned in this Will, whether related by marriage or not" have been held insufficient to disclose the explicit intention of a testator to omit provision for another woman the testator married after executing the will either as a member of the designated disinherited class or as a contemplated spouse. (*Estate of Green* (1981) 120 Cal.App.3d 589, 593 [174 Cal.Rptr. 654].) As there is no mention of Lila or the fact of a future marriage in the

disinheritance clause of the will, it does not manifest Russell's intent to specifically disinherit Lila as his surviving spouse.

 Nor have the circumstances of section 6561, subdivisions (b) or (c) been established. Beatrice asserts a retired California Highway Patrolmen Widow's and Orphan's Fund from which $2,000 was paid to Lila as Russell's beneficiary, coupled with a declaration of Russell's attorney "[t]hat in the twelve months immediately preceding [Russell's death, he] informed this declarant that he had remarried and that his wife was independently wealthy and that she had more than he had and that he wanted his daughter to have his estate upon his death . . .", evidence Russell's intent to provide for Lila outside the will in lieu of a testamentary provision and satisfy the requirements of section 6561, subdivision (b). In support of this argument she cites a New Mexico case, *Matter of Taggart* (1980) 95 N.M. 117 [619 P.2d 562, 11 A.L.R.4th 1201], which held the omission of an after-acquired spouse in a will can be shown to be intentional by a transfer outside the will such as life insurance or other joint arrangement based on evidence of the testator's statements, the amount of the transaction, or other evidence. She claims Russell's intent she take his entire estate is paramount and the presumption under section 6560 must yield to that intent. (See *Estate of Smith* (1985) 167 Cal.App.3d 208, 212 [212 Cal.Rptr. 923].)

However, as Lila notes, the evidence of the widows' and orphans' trust fund benefits and Beatrice's attorney's declaration were excluded from evidence at the court hearing on the probate heirship matter making it impossible for the court to base its determination on such claimed transfer.

Even assuming the evidence were properly before the probate court at the time of the hearing, such was insufficient to rebut the presumption of section 6560 because it does not show Russell provided the trust fund benefits for Lila in lieu of sharing in his estate.

 Moreover, the facts presented at the probate hearing that Russell and Lila kept their property separate during the course of their marriage is not sufficient to show "a valid agreement waiving the right to share" in each other's estate pursuant to section 6561, subdivision (c). (See *Estate of Butler* (1988) 205 Cal.App.3d 311, 318 [252 Cal.Rptr. 210].)

Beatrice has simply not met her burden of proving Russell's intent to disinherit Lila and rebut the presumption of revocation under section 6560. The probate court therefore erred in denying Lila's petition to determine heirship.

### DISPOSITION

The order denying Lila's petition for heirship is reversed and remanded for further proceedings consistent with this opinion.

Nares, J., and Lim, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.